## A90A2371. KAN v. THE STATE.
(404 SE2d 281)

BANKE, Presiding Judge.

The appellant and a co-defendant, Michael Swaney, were jointly convicted of trafficking in cocaine. The appellant brings this appeal from the denial of his motion for new trial.

A vehicle owned and occupied by the appellant but being driven by Swaney was stopped by a state trooper about a mile outside of Perry, at a roadblock set up for the purpose of examining the drivers' licenses, vehicle registration papers, and insurance documentation of passing motorists. The trooper testified that when neither Swaney nor the appellant could produce a registration document for the vehicle, which had an out-of-state tag, he questioned them separately about their destination and the purpose of their trip and that the appellant responded that they were going deer hunting, while Swaney said they were going to Perry. Based on the discrepancies between their stories, the absence of any hunting gear, and the fact that the vehicle was headed away from rather than towards Perry, the trooper then asked them if they would consent to a search of the vehicle. He testified that both men consented and that, after they did so, he looked through the front window of the vehicle and observed under the front passenger seat a brown box which was taped shut. He stated that when questioned about the box, the appellant told him it contained old jewelry and gave him permission to open it. The trooper did so and discovered inside it the cocaine on which this prosecution was predicated. A further search of the vehicle conducted at the sheriff's office resulted in the discovery of a set of electronic scales in the trunk of the vehicle. The appellant denied that he had consented to any search of the vehicle, while Swaney testified that he had consented only to a search of the trunk. *Held*:

1. The appellant enumerates as error the denial of his motion to suppress the contraband, contending that the roadblock was being conducted as a mere pretext to search for drugs. The Georgia Supreme Court has held that the police may operate roadblocks "for the purpose of checking the legality of licensing of drivers and registration of vehicles," without the necessity of any particularized suspicion of wrongdoing. *State v. Swift*, 232 Ga. 535 (1) (207 SE2d 459) (1974). In this case, the trooper testified that he was conducting a wholesale, nonselective credentials check of all drivers passing by the location in question. Thus, the initial detention of the vehicle at the roadblock was lawful. Futhermore, "[t]he extent of the stop in this case did not exceed the permissible scope of investigation by the officer to determine whether the driver was properly licensed and in lawful possession of the vehicle and the motor vehicle was properly registered." *Davis v. State*, 194 Ga. App. 482, 483 (391 SE2d 124) (1990). The

appellant's reliance on *United States v. Smith,* 799 F2d 704 (11th Cir. 1986), as authority for a contrary holding is misplaced, inasmuch as the detention in that case was based on a "drug courier profile."

2. The appellant contends that the trooper did not have probable cause to conduct a search. However, the search was not predicated on probable cause but on consent. "Having already effected a valid stop of the vehicle, the trooper certainly did not violate the appellant['s] Fourth Amendment rights merely by requesting such consent." *Pupo v. State,* 187 Ga. App. 765, 766 (2) (371 SE2d 219) (1988). The evidence of record supports the trial court's determination that the search did not exceed the scope of the consent.

3. The appellant contends that the trial court erred in failing to give his requested charge on equal access. The two defendants sought such a charge based on their testimony that two acquaintances, whom they identified only as "John and Billy," could have placed the contraband in the car the previous night while they were sharing a motel room in Orlando. "Equal access is merely a defense available to the accused to whom a presumption of possession flows. . . . [W]hen the trial judge elects not to charge the [jury] on the presumption of possession [arising from ownership or exclusive control of the vehicle in which the contraband is found] an equal access instruction is not required." *Lance v. State,* 191 Ga. App. 701, 703 (2) (382 SE2d 726) (1989). As the jury in this case was not charged on the presumption of possession arising from ownership or exclusive control of a vehicle, a charge on equal access was not required.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 25, 1991 —
REHEARING DENIED MARCH 15, 1991 —

*Sonya J. Calhoun,* for appellant.
*Edward D. Lukemire, District Attorney, Robert E. Turner, Assistant District Attorney,* for appellee.