## A97A2494. THE STATE v. FISCHER.
### (497 SE2d 79)

POPE, Presiding Judge.

The State appeals from the trial court's grant of Cheryl Fischer's motion to suppress evidence, which was improperly designated as a motion in limine, in this DUI case. We affirm.

During the hearing on Fischer's motion, the only witness called to testify was Officer Kotkiewicz. The State never requested or indicated that it desired a continuance to produce additional witnesses. Kotkiewicz's testimony demonstrated that Fischer was stopped by Officer Vaughn at a roadblock conducted by Vaughn, Kotkiewicz and other uniformed members of the Lawrenceville Police Department DUI Task Force. The stated purpose for the roadblock was to check for motorists' drivers licenses and proof of insurance.

After obtaining Fischer's license and insurance card, the validity of both of which is not disputed, Vaughn decided to implement a secondary detention of Fischer by asking her to pull over and stop in a parking lot adjacent to the roadblock. Complying with Vaughn's request, Fischer pulled her car past Officer Kotkiewicz and into the parking lot, where she stopped. In doing so, she did nothing out of the ordinary to draw Kotkiewicz's attention to her, and it is undisputed that Kotkiewicz had not previously observed Fischer.

After Fischer's secondary detainment by Vaughn, Vaughn asked Kotkiewicz to talk to Fischer and handed Kotkiewicz Fischer's license and insurance card. At that time, Vaughn told Kotkiewicz

that he had smelled alcohol. Several minutes later, Kotkiewicz spoke to Fischer. Based on his conversation with Fischer, and his observations of her during that conversation and during Fischer's performance of several field sobriety tests, Kotkiewicz arrested Fischer for DUI. He then transported her to the police station, where Fischer registered above the legal limit on two separate breath tests.

In her motion to suppress, Fischer moved to suppress all evidence gathered after her secondary detention by Vaughn on the ground that Vaughn had no articulable suspicion to justify that detention. In granting the motion, the trial court ruled that the State had failed to produce evidence which would support a finding of articulable suspicion on Vaughn's part in secondarily detaining Fischer after her initial stop at the roadblock. Based on the evidence presented during the hearing on Fischer's motion to suppress, we agree.

"This court's responsibility in reviewing the trial court's decision on a motion to suppress [evidence allegedly obtained pursuant to an illegal seizure] is to ensure that there was a substantial basis for the decision." (Citation and punctuation omitted.) *State v. Goodman*, 220 Ga. App. 169, 170-171 (2) (469 SE2d 327) (1996). Upon such review, we note that in order for a police officer at a roadblock to institute a secondary detention or seizure, the officer must have, at that time, a reasonable and articulable suspicion of criminal conduct. *State v. Golden*, 171 Ga. App. 27, 30 (3) (318 SE2d 693) (1984). And during a hearing on a motion to suppress evidence obtained pursuant to an alleged illegal seizure, the State has the burden of establishing that the detention or seizure was not illegal. *State v. Holler*, 224 Ga. App. 66, 69 (2) (479 SE2d 780) (1996). In this case, the State clearly failed to meet its burden.

While it is true that the State introduced testimony from Kotkiewicz that Vaughn had implemented Fischer's secondary detention because he had smelled alcohol, in ruling on Fischer's motion, the trial court properly determined that such testimony constituted hearsay in light of the purpose for which it was offered. See OCGA § 24-3-1 (a). The motion hearing transcript shows that upon Fischer's hearsay objection to the abovementioned testimony, the State offered the testimony *only* for the purpose of explaining Kotkiewicz's conduct in approaching Fischer, and the trial court allowed the testimony solely for that purpose. As the trial court later determined, however, Kotkiewicz's conduct in approaching Fischer was not relevant to the determination of whether Vaughn had articulable suspicion for secondarily detaining Fischer because that detainment had occurred prior to Kotkiewicz's involvement in the matter. Accordingly, Vaughn's statement to Kotkiewicz was not admissible probative evidence of articulable suspicion on Vaughn's part under the "explana-

tion of conduct" exception to the hearsay rule found in OCGA § 24-3-2. See *Teague v. State*, 252 Ga. 534-537 (1) (314 SE2d 910) (1984); *Arnold v. State*, 228 Ga. App. 137, 139-140 (2) (491 SE2d 205) (1997). The State's failure to even argue that Vaughn's statement might be admissible under some other exception to the hearsay rule, constitutes a waiver for purposes of this appeal. *Shropshire v. State*, 223 Ga. App. 118, 119 (2) (476 SE2d 859) (1996).

The State's reliance on *State v. Wright*, 221 Ga. App. 202, 204-206 (3) (470 SE2d 916) (1996), in support of its contention that the trial court erred in failing to consider the collective knowledge of both Vaughn and Kotkiewicz in determining whether articulable suspicion existed for Fischer's secondary detention, is misplaced. Application of the "collective knowledge" rule has been limited in this State to factual situations where the collective knowledge of law enforcement officers has been relayed to and used by officers actually making or implementing a detention or seizure. Id.; *Burgeson v. State*, 267 Ga. 102 (475 SE2d 580) (1996). In the case at bar, there is no evidence of any collective knowledge information being relayed to Vaughn prior to his secondary detention of Fischer, which is the detention at issue.

In light of the above authority and the admissible testimony and evidence set forth during the motion hearing, we conclude that the trial court had a substantial basis for granting Fischer's motion to suppress all evidence seized pursuant to her secondary detention.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED FEBRUARY 16, 1998.

*Gerald N. Blaney, Jr., Solicitor, Richard E. Thomas, Allison L. Thatcher, Assistant Solicitors*, for appellant.
*Robert W. Chestney*, for appellee.