## A98A2411. HENNINGS v. THE STATE.
### (512 SE2d 357)

ANDREWS, Judge.

Kathleen A. Hennings appeals from denial of her motion for new trial after conviction of driving under the influence of alcohol to the extent that it was less safe to drive. She contends the trial court improperly denied her motion to suppress evidence of the initial traffic stop and her statements resulting from it as well as evidence of her failure to take a breath test.

Viewed with all inferences in favor of the jury's verdict, the evidence was that Houston County Deputy Dodson was patrolling on Houston Lake Road around 10:30 p.m. on October 31, 1996, when he received a radio call from Deputy Graham that a compact blue car which Graham had observed speeding was heading toward him. Such a car then passed him and he turned around and stopped her based on the radio transmission. As he was asking for and obtaining Hennings' license and insurance card, Dodson smelled the odor of alcohol. When Dodson initially pulled her over, he intended to wait and allow Graham to charge her when he arrived on the scene but, upon smelling the alcohol, he proceeded to investigate. Dodson also noticed that Hennings had glassy eyes and slurred speech and, when she got out of her car, she stumbled into the roadway and had to lean on the car. At that point, Hennings advised that "she had [had] a few mixed drinks."

Hennings was read her implied consent rights at the scene, but was not read her *Miranda* rights. She refused to do field tests or a breath test. She was then taken to the station where her implied consent rights were again read by Deputy Tinney, the Intoximeter 5000 operator. While Tinney was discussing the Intoximeter test with her, Hennings appeared to be under the influence because she kept repeating the questions asked and could not remember how to do the test. Initially, she agreed to do the test and started blowing into the machine, but then stopped, leaving the machine with an insufficient sample for testing. Hennings then refused to give a second sample and stated she wanted an attorney.

Because Deputy Graham had died before the trial, no evidence was introduced concerning the speeding he observed and the method by which he checked it. A directed verdict was entered on the speeding charge and the jury was instructed that it could not consider evidence of speeding on the DUI charge.

1. Hennings' first enumeration is that the court erred in denying her motions in limine and to suppress seeking to exclude Dodson's observations of her and her statements to him because the stop was unlawful, based on failure to show compliance with OCGA § 40-14-5 et seq., the provisions governing radar use.

The two cases relied upon by Hennings, however, do not support the premise that failure to properly prove the foundation for admission of radar evidence should result in a motion to suppress, even assuming that radar was used by Deputy Graham, which is not shown by the record before us. *State v. Vickery*, 184 Ga. App. 468 (361 SE2d 678) (1987) dealt with interpretation of "used" in OCGA § 40-14-6 and is not in issue here. Additionally, this Court stated there that we were unwilling to say that failure to properly erect radar warning signs required exclusion of evidence gathered by use of radar in their absence. *State v. Cobb*, 208 Ga. App. 752 (432 SE2d 112) (1993) merely found that the record before this Court was insufficient for our determination of whether the trial court erred in granting a motion to suppress.

Here, as in *Coop v. State*, 186 Ga. App. 578, 579 (1) (c) (367 SE2d 836) (1988), the only issue was the legitimacy of the initial stop, not whether the radar evidence was admissible without adequate foundation on the substantive charge of speeding.

Also, an officer may make an investigative stop based upon radio information received from another officer who has observed either facts raising a reasonable suspicion of criminal activity or a traffic violation. *Burgeson v. State*, 267 Ga. 102, 105 (3) (475 SE2d 580) (1996); *McDaniel v. State*, 227 Ga. App. 364, 366 (2) (489 SE2d 112) (1997); *Mallarino v. State*, 190 Ga. App. 398, 401 (2) (379 SE2d 210) (1989).

There was no error.

2. The second and third enumerations both deal with the issue of whether Hennings was "in custody" for purposes of *Miranda* after her license and insurance card were taken by the officer and are considered together.

In reviewing a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment and the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous. The trial court's findings will not be disturbed if there is any evidence to support them. *Morgan v. State*, 195 Ga. App. 732, 735 (3) (394 SE2d 639) (1990).

" 'In determining whether a suspect was in custody for *Miranda* purposes, a court must examine all of the circumstances surrounding the interrogation, but the ultimate inquiry is simply whether there was a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest. *Stansbury v. California*, 511 U. S. 318 (II) (114 SC 1526, 128 LE2d 293) (1994).' (Citation and punctuation omitted.) [*State v.*] *Wintker*, [223 Ga. App. 65, 66 (476 SE2d 835) (1996)].

" 'A reasonable person test . . . applies to determine whether an individual not formally arrested is nevertheless in custody for *Miranda* purposes. This occurs if, but only if, a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest. A reasonable person has been defined as one neither guilty of criminal conduct and thus overly apprehensive nor insensitive to the seriousness of the circumstances.' (Punctuation and footnote omitted.) Id. at 67." *Turner v. State*, 233 Ga. App. 413, 415 (1) (504 SE2d 229) (1998).

As acknowledged by Hennings, there is no authority for the proposition that merely taking a driver's license and proof of insurance would, alone, cause a reasonable person to believe that he was not free to leave. In fact, the authority is to the contrary. E.g., *State v. Kirbabas*, 232 Ga. App. 474, 475 (502 SE2d 314) (1998); *Morrissette v. State*, 229 Ga. App. 420, 421 (1) (a) (494 SE2d 8) (1997); *State v. Pastorini*, 222 Ga. App. 316 (474 SE2d 122) (1996).

*State v. O'Donnell*, 225 Ga. App. 502 (484 SE2d 313) (1997), relied upon by Hennings, is distinguishable because there it was undisputed that defendant was under arrest when questioned. See also *Price v. State*, 269 Ga. 222, 225 (3) (498 SE2d 262) (1998).

There was no error in the trial court's conclusion that, at the time she acknowledged having had several drinks and initially refused a breath test, Hennings was not under arrest for *Miranda* purposes.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 15, 1999.

*Williams, Sammons & Sammons, George L. Williams, Jr.*, for appellant.
*Cynthia T. Adams, Solicitor*, for appellee.