## A00A1991. THE STATE v. PENNYMAN.
(545 SE2d 365)

MILLER, Judge.

The State appeals the trial court's grant of Michael Pennyman's motion to suppress evidence resulting from a traffic stop. Because there was reasonable suspicion to authorize the stop, we reverse.

In reviewing the trial court's ruling on a motion to suppress, we defer to the trial court's findings of fact unless they are clearly erroneous, and we construe the evidence most favorably to the trial court's decision.[1]

At the hearing on the motion to suppress, the officer who was driving the patrol car was unavailable to testify. Officer Nowell, the passenger of the patrol car, testified that the driving officer indicated that there was a vehicle ahead of them that was speeding. He further testified that he knew that Pennyman's vehicle was traveling approximately 70 or 80 mph from "looking at [the] speedometer as [they] were traveling and the vehicle was pulling away from [them]. [They] were having to accelerate to catch up." But on cross-examination Nowell stated that he could not tell what the speed of the patrol car was because he did not have a clear view of the speedometer, yet he knew Pennyman's vehicle was speeding because he knew "what it feels like to drive the speed limit and looking at other traffic."

In granting the motion to suppress, the trial court ruled that it could not find reasonable articulable suspicion because Nowell's testimony was hearsay.[2] Citing *State v. Fischer*,[3] the court also stated

---

[1] *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

[2] Reasonable suspicion is often established by hearsay. See *Hennings v. State*, 236 Ga. App. 473, 474 (1) (512 SE2d 357) (1999) (an officer may make a stop based upon radio information received from another officer who observed either facts raising a reasonable suspicion of criminal activity or a traffic violation); *Gay v. State*, 233 Ga. App. 738, 739-740 (2) (505 SE2d 29) (1998) (stop based upon supervisor's report of a suspected weapon).

[3] 230 Ga. App. 613, 615 (497 SE2d 79) (1998), overruled, *Workman v. State*, 235 Ga. App. 800, 804 (2) (510 SE2d 109) (1998) (whole court).

that the "collective knowledge" rule did not apply because Nowell was not the driver of the police car nor was he the officer that approached Pennyman following the traffic stop.

The "collective knowledge" rule provides that reasonable suspicion may exist based on the collective knowledge of the police when there is reliable communication between the officer supplying the information and the officer acting on that information instead of the arresting officer's knowledge alone.[4] In *Burgeson v. State*,[5] information provided by other officers as communicated in a "be-on-the-lookout" dispatch provided the basis for reasonable and articulable suspicion to justify a stop. The same concept applies in the present case. Even accepting the trial court's finding that Nowell was unable to testify as to the speed of the police car or the speed of Pennyman's vehicle, Nowell and the driving officer acted in concert in stopping Pennyman.[6] There was reliable communication between the officer driving, who explained that Pennyman was speeding, and Nowell, as both officers acted jointly to conduct the stop. Thus, reasonable suspicion was established, and the court erred in granting the motion to suppress.

*Judgment reversed. Pope, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 5, 2001 —
RECONSIDERATION DENIED MARCH 6, 2001 — 

*Joseph J. Drolet, Solicitor, Marko L. Burgar, Assistant Solicitor,* for appellant.
*Kevin J. Jones,* for appellee.

---

[4] *Tarwid v. State*, 184 Ga. App. 853, 855 (1) (363 SE2d 63) (1987); see *Cunningham v. State*, 231 Ga. App. 420, 422 (1) (498 SE2d 590) (1998).

[5] 267 Ga. 102, 105 (3) (a) (475 SE2d 580) (1996).

[6] Nowell testified that he approached the passenger side of Pennyman's vehicle after the stop.