## A01A2542. HILL v. THE STATE.
(556 SE2d 545)

JOHNSON, Presiding Judge.

A trial judge, sitting without a jury, found Holly Day Hill guilty of driving under the influence of alcohol. In her sole enumeration of error, Hill contends the trial court erred in denying her motion to suppress evidence because she was in custody and had not been read her *Miranda* warnings. We find no error and affirm Hill's conviction.

> When reviewing a trial court's decision on a motion to suppress, this court's responsibility is to ensure that there was a substantial basis for the decision. The evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts . . . are adopted unless they are clearly erroneous. Further, since the trial court sits as the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if there is any evidence to support them.[1]

Viewed in this light, the evidence shows that officers were dispatched to an accident scene. Upon arrival, they found a power outage in the neighborhood and a car sitting on top of a transformer foundation.

---

[3] Id. at 516.
[1] (Citation omitted.) *Gunn v. State*, 236 Ga. App. 901 (1) (514 SE2d 77) (1999).

The driver was not at the scene. The officers noticed blood on the steering wheel, a crack in the windshield above the steering wheel, and the odor of alcohol in the car. Hill's name and address were obtained from the license plate on the car.

One of the officers drove three miles to Hill's residence and asked Hill if she had been in an accident. Hill replied that she had, and she agreed to return to the scene of the accident. She then sat in the back of the police car. She was not handcuffed, but she could not exit the car because the rear doors lack interior door handles. The ride lasted approximately five to ten minutes.

The officer testified that he did not use any force and that Hill voluntarily returned to the scene of the accident with him. However, Hill's fiancé testified that the officer told Hill she would have to return to the scene in the patrol car rather than ride with her fiancé. Subsequent investigation at the accident scene revealed that Hill was driving under the influence of alcohol.

Hill argues that she was in custody and under arrest when she was transported back to the accident scene and therefore entitled to *Miranda* warnings. We disagree. Hill's transport back to the accident scene in the officer's patrol car constituted a brief seizure supported by a reasonable and articulable suspicion and authorized by law.[2] She had a duty to remain at the scene during the investigation of the accident,[3] and "[a] reasonable person would conclude that, under the circumstances, [Hill's] detention was temporary and not the equivalent of a formal arrest."[4]

Contrary to Hill's assertion, the availability of her fiancé to drive Hill to the accident scene does not change the conclusion that Hill was not under arrest. The officer testified that he asked, and did not demand, that Hill return to the scene with him and that Hill voluntarily consented to return to the scene with him. Hill's fiancé was not present for the entire conversation and was not part of the investigation. Moreover, any issue regarding the credibility of the witnesses was for the trial court and will not be disturbed absent an abuse of discretion.[5] The trial court did not err in denying Hill's motion to suppress evidence.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED NOVEMBER 15, 2001.

*John R. Greco,* for appellant.

---

[2] See id. at 902 (1); *Morrissette v. State,* 229 Ga. App. 420, 421-422 (1) (a) (494 SE2d 8) (1997).

[3] OCGA § 40-6-270 (a).

[4] *Gunn,* supra.

[5] *Lyons v. State,* 244 Ga. App. 658, 661 (1) (535 SE2d 841) (2000).

*Barry E. Morgan, Solicitor-General, Todd H. Ashley, Jessica K. Moss, Assistant Solicitors-General*, for appellee.