## A02A1865. CAMP v. THE STATE.
### (576 SE2d 610)

MILLER, Judge.

Following a stipulated bench trial, Danny Camp was convicted on one count of driving under the influence to the extent that it was less safe for him to drive. On appeal he contends that the trial court erred in (1) denying his motion to suppress all evidence resulting from the traffic stop and (2) denying his motion to suppress the results of his breath test. We discern no error and affirm.

Construed most favorably to the trial court's decision, the evidence reveals that an off-duty officer spotted a man driving a dark-colored car that was weaving in and out of its lane. The officer called 911 and spoke with Gwinnett County dispatch. Gwinnett County dispatch then alerted two Gwinnett County officers to the suspected drunk driver that was being followed by the off-duty officer. As the Gwinnett County officers were arriving, the off-duty officer further observed the car running its two right wheels off the road, onto the grass, and then back onto the road.

The two Gwinnett County officers followed the suspected drunk

driver and turned on their blue lights to effect a traffic stop. The off-duty officer stayed with other officers on the scene for a few moments and then left after giving his contact information to the investigating Gwinnett County officers. The off-duty officer and the arresting Gwinnett County officer identified Camp as the man who was driving the car that was pulled over.

The arresting Gwinnett County officer conducted a DUI investigation, and the parties later stipulated to several relevant facts regarding that investigation. Specifically, the investigating officer noticed a strong odor of alcohol on Camp's breath, and Camp admitted that he had been drinking when asked. Camp's face was flushed, his eyes were bloodshot, and he lost his balance and staggered while walking. Camp failed several properly administered field sobriety tests, and a properly administered alco-sensor test given to Camp registered positive for alcohol. Based on these observations and his training and experience, the arresting officer formed the opinion that Camp was under the influence of alcohol to the extent that it was less safe for him to drive.

The arresting officer also read the statutory implied consent warning to Camp and administered an Intoxilyzer 5000 breath test. Camp moved to exclude the evidence gathered in connection with the traffic stop and the results of the Intoxilyzer 5000 test. These motions were denied, and following a stipulated bench trial, Camp was convicted of driving under the influence to the extent that it was less safe for him to drive. Camp appeals.

1. Camp contends that the trial court erred in failing to suppress the evidence gathered in connection with his traffic stop, because the officers who actually stopped him did not have a reasonable suspicion that would authorize the stop. We disagree.

In reviewing the trial court's ruling on a motion to suppress, we defer to the trial court's findings of fact unless they are clearly erroneous, and we construe the evidence most favorably to the trial court's decision. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

Reasonable suspicion need not be based on an arresting officer's knowledge alone, but may exist based on the "collective knowledge" of the police when there is reliable communication between an officer supplying the information and an officer acting on that information. *State v. Pennyman*, 248 Ga. App. 446, 447 (545 SE2d 365) (2001). In this regard, police are authorized to stop an individual based on a "be on the lookout" dispatch (see *Burgeson v. State*, 267 Ga. 102, 105 (3) (a) (475 SE2d 580) (1996)) or even a radio transmission from another officer who observed facts raising a reasonable suspicion of criminal activity or a traffic violation. See *Hennings v. State*, 236 Ga. App. 473, 474 (1) (512 SE2d 357) (1999).

Here, the information regarding the dangerous driver was provided to Gwinnett County police by an experienced off-duty police officer. This off-duty officer remained on the scene with the Gwinnett County officers when they arrived, dispelling the inference that the Gwinnett County officers could have somehow targeted the wrong vehicle. The Gwinnett County officers were authorized to rely on the information received from dispatch based on the activities observed by the off-duty officer. Thus, reasonable suspicion was established, and the trial court did not err in denying Camp's motion to suppress. Cf. *Burgeson*, supra, 267 Ga. at 105 (3) (a).

2. In two enumerations, Camp challenges the admission of the results of his Intoxilyzer 5000 breath test. However, since Camp was convicted only of driving under the influence to the extent that it was less safe for him to drive, and not for driving under the influence while having a specific blood alcohol concentration, the erroneous admission of this evidence would have been harmless as a matter of law. *Walsh v. State*, 220 Ga. App. 514-515 (2) (469 SE2d 526) (1996). These enumerations are therefore without merit.

*Judgment affirmed. Johnson, P. J., and Blackburn, P. J., concur.*

DECIDED JANUARY 15, 2003.

*Clark & Towne, David E. Clark*, for appellant.
*Gerald N. Blaney, Jr., Solicitor-General, Gary S. Vey, Assistant Solicitor-General*, for appellee.