## A03A0074/SPEAR v. THE STATE.
### (578 SE2d 504)

ELDRIDGE, Judge.

Following a bench trial in the State Court of Fulton County, John Wesley Spear was found guilty of carrying a concealed weapon and carrying a weapon without a permit, which charges arose after Spear was detained by Atlanta Police Officer M. Cotter for investigative purposes because he matched the description of the perpetrator of a burglary committed minutes earlier a few blocks away. He appeals pro se from the judgment of the court. Finding his claims of error to be without merit, we affirm.

1. Spear contends that, at the time of trial, he was indigent and should have been appointed counsel. Thus, he claims the trial court erred by failing to comply with Uniform Superior Court Rule 30.2, which states in pertinent part that,

> Before arraignment the court shall inquire whether the accused is represented by counsel and, if not, inquire into the defendant's desires and financial circumstances. If the defendant desires an attorney and is indigent, the court shall authorize the immediate appointment of counsel.

However, the record before us contains a notice of appearance filed by attorney Billy Spruell, reflecting that he was retained as Spear's counsel of record in this case. At the time of arraignment and throughout the proceedings in the court below, Spruell represented Spear. Pertinently, Rule 30.2 also states,

> Upon arraignment, the attorney, if any, who announces for or on behalf of an accused, or who is entered as counsel of record, shall represent the accused in that case throughout the trial, unless other counsel and the defendant notify the judge prior to trial that such other counsel represents the accused and is ready to proceed, or counsel is otherwise relieved by the judge.

No notification as to problems with retained representation having been made to the trial court, that court did not err in failing to inquire as to Spear's financial circumstances for purposes of appointment of counsel.

2. Next, Spear contends that, in making a determination as to whether Officer Cotter had reasonable suspicion to detain Spear, the trial court improperly relied on hearsay statements by the burglary victim describing the perpetrator of the burglary. However, reasonable suspicion to perform a *Terry*[1] detention does not go to the issue of a defendant's guilt or innocence; it is a legal question for the trial court based upon the totality of the circumstances.[2] In that regard, like probable cause, "[r]easonable suspicion is often established by hearsay."[3] Further, the victim's description of the burglary perpetrator, which was given on the scene only minutes after the perpetrator fled, was admissible under the res gestae exception to the hearsay rule.[4] As such, the burglary victim's description of the perpetrator was not inadmissible hearsay.

To the extent that Spear's argument contains additional, unrelated claims that cannot be fairly described as coming within the ambit of the trial court error asserted in the instant enumeration of error, we will not consider such claims.[5] Only "where the enumeration of errors filed in the appellate court identifies the trial court ruling asserted to be error, [is] the error relied upon . . . sufficiently 'set out separately.' "[6]

3. Spear claims the trial court erred by not ruling on the "Motion for Discovery and Inspection and Production of Evidence Favorable to the Accused" filed on Spear's behalf by his attorney. However, there is nothing in the record to indicate that Spear was not given all evidence favorable to the accused, and, before this Court, Spear fails to identify any such evidence. Thus, a ruling on the complained-of motion is not demonstrably necessary. "Harm as well as error must be affirmatively shown by the record to obtain reversal."[7]

4. Next, Spear contends the trial court erred in denying his motion to suppress and thus admitting "inadmissible evidence (physical) in violation of *Miranda*[8] (exclusionary rule)." We disagree.

---

[1] *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968).

[2] See, e.g., *Jones v. State*, 253 Ga. App. 870, 873 (560 SE2d 749) (2002) (whether a given set of facts rises to the level of reasonable suspicion is a legal question).

[3] *State v. Pennyman*, 248 Ga. App. 446, n. 2 (545 SE2d 365) (2001).

[4] OCGA § 24-3-3; *McKinney v. State*, 218 Ga. App. 633, 634.(463 SE2d 136) (1995).

[5] Spear also claims under this same enumeration of error that detaining officer Cotter committed perjury on the stand; that he was denied his right to confront his accuser (the burglary victim); and that Cotter was prejudiced against him.

[6] *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999).

[7] (Citation omitted.) *Evans v. State*, 233 Ga. App. 879, 880 (2) (506 SE2d 169) (1998).

[8] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

In cases involving the review of the grant or denial of motions to suppress or motions in limine, we must construe the evidence most favorably to uphold the findings and judgment of the trial court, and that court's findings as to disputed facts and credibility must be adopted unless clearly erroneous.[9]

Here, Atlanta Police Officer Cotter testified that, initially, Spear was not under arrest but was detained in order to be transported to the burglary scene for identification by the victim; that immediately upon detention he asked Spear whether he was carrying a weapon; that asking about a detainee's possible possession of weapons is "usually a common question I ask" for safety reasons; and that, in response to his question, Spear "advised that he had a gun in his bag," which weapon the officer removed from the bag "for [his] safety." Based on the officer's testimony, the trial court made a specific factual finding that Spear was being detained pursuant to *Terry* at the time Cotter asked whether he was carrying a gun and that the question was asked and the weapon seized for purposes of officer safety.

*Terry* detentions constitute "brief seizures that must be supported by reasonable suspicion but [do] not constitute an arrest requiring that *Miranda* warnings be given in order to question."[10] Since there is evidence to support the trial court's finding that Spear was not under arrest at the time he was asked whether he possessed a weapon, we cannot conclude that such finding was clearly erroneous.[11] As such, exclusion of the weapon recovered by virtue of Spear's statement was not authorized based on a *Miranda* violation.

Further, other than to conclusively claim error in the trial court's denial of his motion to suppress because of an alleged violation of *Miranda*, Spear makes no legal or factual argument in support of his contention. Recognizing, however, Spear's pro se status, we have reviewed the record in order to determine whether, at the time his disputed statement was made, "a reasonable person in [Spear's] position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest,"[12] so as to require *Miranda* rights be given. At the hearing on the motion for new trial, Spear testified that Officer Cotter approached him and "put his hand on my left shoulder and told me

---

[9] (Citation and punctuation omitted.) *State v. Kirbabas*, 232 Ga. App. 474, 478-479 (1) (a) (502 SE2d 314) (1998).

[10] (Citations and punctuation omitted.) Id. at 476.

[11] *Campbell v. State*, 255 Ga. App. 502, 506 (2) (565 SE2d 834) (2002).

[12] (Punctuation and footnote omitted.) Id. at 504.

not to make no uncertain move"; that he thought he was under arrest the minute the officer approached him: "Well, at the time he put his hand on me, I was under arrest"; and that Cotter's question about weapons was asked immediately after approaching Spear, before Spear was either handcuffed or placed in the back of the police vehicle for transport to the burglary scene. Further, Spear understood that he was being taken, not to jail, but to a burglary scene for purposes of identification.

These facts support the conclusion that, at the time the disputed weapons question was asked and answered, a reasonable person would not understand the circumstances to constitute "formal arrest." The mere approach of an officer, even if accompanied by placing a hand on a shoulder, would not be considered by a reasonable person as a "restraint on freedom of movement of the degree which the law associates with formal arrest,"[13] despite Spear's testimony that he personally viewed it as such. In addition, Spear knew that he had not committed the burglary at issue, and thus transport to the burglary scene for identification by the victim could reasonably be viewed as *precluding* formal arrest through exoneration, thereby making the detention only temporary.[14] Accordingly, the trial court's determination that no *Miranda* violation occurred was not clearly erroneous.

To the extent that Spear's argument contains additional, unrelated claims that cannot be fairly described as coming within the ambit of the trial court error asserted in the instant enumeration of error, we will not consider such claims.[15]

5. Spear also contends he received ineffective assistance of counsel at trial. In that regard, attorney Spruell represented Spear on motion for new trial through the conclusion of such. Following the denial of his motion for new trial, Spear filed a pro se notice of appeal in this Court and now represents himself. So, the instant appeal appears to be the earliest opportunity for Spear to raise an ineffective assistance of counsel claim, and remand for an evidentiary hearing would be required.

"Notwithstanding, if [Spear's] claims can be resolved as a matter of fact or law upon the existing record, we will not remand this case."[16] Upon review, Spear's claims of attorney error appear factually based on the attorney/client relationship and range from claims

---

[13] (Punctuation and footnote omitted.) Id.

[14] *Hill v. State*, 252 Ga. App. 473, 474 (556 SE2d 545) (2001); *State v. Lentsch*, 252 Ga. App. 655, 657-658 (1) (556 SE2d 248) (2001); *Campbell v. State*, supra at 504.

[15] Under this same enumeration of error, Spear claims that he never received a witness list with Officer Cotter's name on it; that the trial court did not rule on all pre-trial motions; and that Cotter committed perjury.

[16] (Citation omitted.) *Massingill v. State*, 240 Ga. App. 690 (2) (524 SE2d 746) (1999).

of abandonment to failure to investigate. Accordingly, we cannot resolve such claims on the trial record before us, and the instant case must be remanded for an evidentiary hearing, with a right of appeal as to the trial court's ruling thereon. "As this claim has not been addressed by the trial court, the case is remanded for a hearing and determination on the ineffective assistance claim."[17]

*Judgment affirmed. Case remanded for proceedings not inconsistent with this opinion. Johnson, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 21, 2003.

John W. Spear, *pro se.*

Carmen D. Smith, *Solicitor-General*, Jody L. Peskin, Jill N. Meekins, *Assistant Solicitors-General*, for appellee.

---

[17] *Hampton v. State,* 272 Ga. 284, 288 (10) (527 SE2d 872) (2000).