A04A2090. SPEAR v. THE STATE.
(610 SE2d 642)

ADAMS, Judge.

This is the second appearance of this case in this Court. In *Spear v. State*, 259 Ga. App. 803 (578 SE2d 504) (2003), the Court affirmed John Wesley Spear's conviction of carrying a concealed weapon and carrying a weapon without a permit. In his pro se appeal, Spear raised, at the earliest opportunity, a claim of ineffective assistance of trial counsel, and the Court remanded the matter for an evidentiary hearing. Id. Upon remand, the trial court conducted a hearing on the matter and denied Spear's claim. Spear now appeals that decision.

1. But Spear first contends that the trial court denied him the right to counsel on his first appeal.

Following Spear's conviction, the trial court denied his motion for new trial. Spear, pro se, filed a timely notice of appeal, and the case was docketed in this Court on August 28, 2002. Meanwhile, on September 13, the trial court held an immediate hearing on Spear's verbal request for appointment of appellate counsel. On September 18, the trial court ruled that because the case had been transferred to the Court of Appeals and docketed, the trial court had no jurisdiction over the matter, and therefore denied the request. Spear filed a direct appeal of that ruling, but this Court dismissed his appeal on November 20 because Spear filed his notice of appeal more than 30 days after entry of the decision. Spear eventually filed a brief, pro se, in his primary appeal, and this Court issued an opinion on February 21, 2003, in which Spear's conviction was affirmed, with the sole exception of Spear's claim of ineffective assistance of trial counsel. See *Spear v. State*, 259 Ga. App. 803.

Under the circumstances, the denial of Spear's motion to appoint appellate counsel was a final order subject to direct appeal. Unless subject to OCGA § 5-6-35, all rulings and judgments are directly appealable when they dispose of all matters before the court. OCGA § 5-6-34 (a) (1). After entry of final judgment in a criminal matter and the filing of a notice of appeal, a motion for the trial court to appoint appellate counsel raises a new matter.[1] When disposed of, the new

---

[1] Following judgment and entry of notice of appeal, a trial court retains jurisdiction over certain matters including appointment of counsel on appeal. See *State v. James*, 211 Ga. App. 149, 150 (438 SE2d 399) (1993).

ruling disposes of all matters before the court, and therefore it may be directly appealed. Spear was therefore entitled to directly appeal the trial court's order denying his request for appointed counsel.[2]

But because he failed to file a timely direct appeal, Spear is now precluded from raising the same issue that he raised in that appeal. See *Stewart v. Milliken,* 277 Ga. 659 (593 SE2d 344) (2004) (attempt to appeal issue presented by earlier authorized direct appeal is untimely if raised again on appeal of subsequent limited proceedings). Furthermore, Spear has withdrawn from this Court the record from his original appeal, and therefore we have no knowledge of whether he attempted to raise the issue of appellate counsel at that time before this Court. The original appeal having been decided, the issue is now moot. OCGA § 5-6-48 (b) (3).

2. Next, Spear argues that the trial court erred by denying his claim of ineffective assistance of trial counsel.

> In order to establish ineffectiveness of trial counsel, appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. . . . In reviewing a lower court's determination of a claim of ineffective assistance of counsel, we give deference to the trial court's factual findings, which are upheld on appeal unless clearly erroneous; however, we review the lower court's legal conclusions de novo.

(Citations and punctuation omitted.) *Williams v. State,* 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

At the hearing below, Spear claimed that his trial counsel failed to interview witnesses, failed to obtain a 911 tape, failed to attack the credibility of the arresting officer, and failed to understand that Spear was incompetent. But Spear failed to introduce any evidence to show what the purported witnesses would have said or what the 911 tape would have shown. With regard to Spear's claim that his counsel failed to challenge a witness's credibility, Spear has not presented any evidence to show how the officer's credibility could have been attacked. Finally, Spear suggests that his trial attorney should have

---

[2] See also *Mapp v. State,* 199 Ga. App. 47, 48 (403 SE2d 833) (1991) (procedural error by trial court when considering motion to appoint appellate counsel is subject to appeal). Compare OCGA § 9-15-2 (a) (2) ("The judgment of the court on all *issues of fact* concerning the ability of a party to pay costs or give bond shall be final.") (emphasis supplied). See also *Penland v. State,* 256 Ga. 641 (352 SE2d 385) (1987) (OCGA § 9-15-2 (a) (2) as applied to criminal cases is not unconstitutional).

known that he was incompetent, but the evidence regarding what counsel should have known was inconclusive at best. Absent a proffer of the necessary evidence to support these claims, Spear's claim of ineffective assistance of trial counsel fails. See *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995).

Furthermore, this is a simple case in which all but one of the key facts has been undisputably established. Spear was convicted of carrying a concealed weapon and carrying a weapon without a permit. A police officer testified that Spear admitted that he had a concealed weapon and that he did not have a license for it. Spear testified and admitted that he had a gun in a bag. And the officer identified the gun at trial as the one he confiscated. These simple facts established the two crimes for which Spear was convicted. Given Spear's admissions, the evidence is overwhelming that Spear was carrying a concealed weapon. And Spear has never testified at any subsequent hearing or otherwise presented any evidence contradictory to the officer's testimony with regard to the question of whether he had a permit to carry the weapon. Rather, Spear's only defense was that he made these admissions while under arrest without a *Miranda* warning and that the trial court should have granted his motion to suppress his statements. But the denial of his motion to suppress has already been affirmed by this Court, and Spear has not proffered any evidence to show that any effective assistance of trial counsel could have altered this ruling. Therefore he has failed to show any possible harm from any alleged ineffective assistance of trial counsel. Failure to show that any deficient performance prejudiced his defense dooms all of Spear's claims of ineffective assistance of counsel. See, e.g., *White v. State*, 257 Ga. App. 861, 863 (2) (572 SE2d 692) (2002). See also *Goodwin v. Cruz-Padillo*, 265 Ga. at 615. All other grounds of ineffective assistance of trial counsel argued in his brief that were not supported at the hearing are also without merit.

Following remand, the trial court appointed counsel for Spear for the hearing on his claim of ineffective assistance of counsel. Now, in this appeal, Spear contends that he received ineffective assistance from that attorney. But the trial court did not rule on this issue, and Spear's appeal appears to be the earliest opportunity that he has had to raise an ineffective assistance claim against that attorney. Therefore remand for an evidentiary hearing ordinarily would be required, but if Spear's "claims can be resolved as a matter of fact or law upon the existing record, we will not remand this case." (Citation omitted.) *Massingill v. State*, 240 Ga. App. 690 (2) (524 SE2d 746) (1999).

At the beginning of the hearing on the effectiveness of trial counsel, the court stated that it understood that Spear had fired his appointed counsel. Spear then explained that he did not fire her but that he hoped to have the court remove her. Counsel offered that she

had reviewed the record and spoken with the State prior to calling Spear, but that during the call, "the conversation sort of disintegrated into a yelling and screaming match, and he informed me that he no longer wanted me to represent him." She appeared at the hearing because she was subsequently unable to contact Spear to clarify his intentions. The court acknowledged that Spear had requested a different attorney but added that Spear had not indicated that he had made reasonable attempts to communicate with her. The court implicitly denied any request to change counsel and proceeded as though appointed counsel continued to represent Spear. See *Jefferson v. State*, 209 Ga. App. 859, 861 (1) (434 SE2d 814) (1993).[3]

Accordingly, Spear was represented at the hearing, but there is evidence that he refused to cooperate with his attorney. In addition to the above, his brother, a purported witness, refused to allow her to question him. And, more importantly, Spear refused to testify at all. Spear claimed that he would not testify because he had not had time to talk to his attorney. But counsel stated to the court that she had reviewed the entire file and spoken with Spear and his brother for 20 minutes prior to the hearing about the matters at issue. She added that the scope of the issues was very small. "A defendant may not refuse to cooperate with appointed counsel and then claim he was not effectively represented. *Rivers v. State*, 250 Ga. 303, 307 (6) (298 SE2d 1) [(1982)]." *Jefferson*, 209 Ga. App. at 861. The record shows that any shortcoming of Spear's appointed counsel was a result of his own failure to cooperate with her. Accordingly, this claimed error is without merit.

3. Spear also contends that the trial judge should have recused himself. But this enumeration is not supported by citation of authority or citation to the record, and therefore this enumeration is deemed abandoned, and there is nothing for this Court to review. *Sutton v. State*, 261 Ga. App. 860, 864 (2) (b) (583 SE2d 897) (2003); *Smith v. State*, 230 Ga. App. 151, 152 (2) (495 SE2d 624) (1998).

*Judgment affirmed. Ruffin, C. J., and Bernes, J., concur.*

DECIDED FEBRUARY 17, 2005 —
RECONSIDERATION DENIED MARCH 3, 2005 — ■■■■■■■

John W. Spear, *pro se.*

---

[3] On the matter of appointed counsel, "[t]he choice . . . is a matter governed by the trial court's sound exercise of discretion and will not be disturbed on appeal unless [that discretion is] abused." *Davis v. State*, 261 Ga. 221, 222 (403 SE2d 800) (1991).

*Carmen D. Smith, Solicitor-General, Jody L. Peskin, Assistant Solicitor-General*, for appellee.