## A09A0481. EDMOND v. THE STATE.
(676 SE2d 877)

ANDREWS, Presiding Judge.

Leemil Dureya Edmond appeals following a bench trial at which he was found guilty of trafficking in cocaine, possession of a controlled substance, and obstruction of an officer. Edmond claims that the trial court erred in denying his motion to suppress evidence found during a search of his vehicle. After reviewing the record, we conclude there was no error and affirm.

The only testimony at the hearing on the motion to suppress was that of the arresting officer. Officer Tatroe testified that on the day in question he attended a briefing session before he began his shift. Tatroe said that he was told to be on the lookout for a maroon Ford Explorer with two African-American males inside. The SUV had been stopped the night before and one of the occupants had run away, throwing down illegal drugs as he did so.

As Tatroe was patrolling the same area in which the Explorer was stopped the night before, he saw a maroon Ford Explorer with two African-American males inside and a drive-out tag with the same date as the one described to him earlier. The officer pulled the Explorer over and approached Edmond, who was driving. The officer asked for identification and told Edmond that he was looking for the suspect who ran away from police the night before. The officer asked for Edmond's identification, and a check of Edmond's driver's license showed that there was an outstanding warrant for him in Fulton County. While the warrant was being checked, the officer asked Edmond about the passenger in his SUV the night before, and Edmond said "he didn't know anything about that" and that he only knew the person's nickname. The officer asked Edmond if he had any drugs in the vehicle and Edmond said that he did not. Tatroe asked if he could search the vehicle and Edmond gave him permission to do so. The officer found contraband[1] hidden inside a cologne gift set box. Edmond struggled with the officers before they were

---

[1] The contraband found was 61.57 grams of cocaine and two tablets of methylene-

able to eventually subdue him and take him into custody.

When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court. *Stanford v. State*, 251 Ga. App. 87, 88-89 (553 SE2d 622) (2001).

> While the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.

*Vansant v. State*, 264 Ga. 319, 320 (443 SE2d 474) (1994).

Edmond argues that Tatroe's stop of his vehicle was based on hearsay evidence because the officer who told him about stopping the SUV the night before did not testify.[2] Edmond claims that without this hearsay evidence, there was no articulable suspicion upon which to base the stop.

"Reasonable suspicion need not be based on an arresting officer's knowledge alone, but may exist based on the 'collective knowledge' of the police when there is reliable communication between an officer supplying the information and an officer acting on that information." *Camp v. State*, 259 Ga. App. 228, 229 (1) (576 SE2d 610) (2003). Officers are entitled to rely on information provided by other officers or by their dispatcher when asked to be on the lookout for a certain vehicle or suspects. See *Burgeson v. State*, 267 Ga. 102, 105 (475 SE2d 580) (1996). There is no requirement that the officer or officers providing the information testify at the motion to suppress. See id.; *State v. Pennyman*, 248 Ga. App. 446 (545 SE2d 365) (2001); *Russell v. State*, 236 Ga. App. 645, 651 (512 SE2d 913) (1999).

Edmond claims that the stop cannot be justified on this "collective knowledge" theory because Edmond had been released the night before and no new information that he had committed a crime was passed on to Tatroe. But, Edmond was not stopped based on any particularized suspicion about his actions, but rather because the vehicle he was driving was connected with previous suspicious activity and with a suspect who was wanted by police. The vehicle was described with great particularity. The officers knew the color, make, model, tag information, and that the passenger was a black male. Accordingly, Tatroe had sufficient reasonable, articulable sus-

---

dioxymethamphetamine, a Schedule I controlled substance.

[2] That officer was called up for military duty before the hearing took place.

picion to stop the vehicle. *Thomason v. State*, 268 Ga. 298, 301 (486 SE2d 861) (1997). Once the vehicle was stopped, officers were justified in detaining Edmond long enough to determine whether the outstanding warrant was valid. Tatroe testified that Edmond had been stopped five or ten minutes when he requested permission to search. Therefore, the extent of the stop did not exceed the permissible scope of investigation. See *Kan v. State*, 199 Ga. App. 170, 171 (404 SE2d 281) (1991). Having already effected a valid stop, the officer could request consent to search the vehicle. *Gamble v. State*, 223 Ga. App. 653, 656 (3) (478 SE2d 455) (1996); *Kan*, supra. Accordingly, the trial court did not err in denying Edmond's motion to suppress.

*Judgment affirmed. Miller, C. J., and Barnes, J., concur.*

DECIDED MARCH 31, 2009.

*John R. Greco*, for appellant.
*Patrick H. Head, District Attorney, Grady A. Moore, Amelia G. Pray, Assistant District Attorneys*, for appellee.