A00A2377. DUKE v. THE STATE.
(544 SE2d 201)

JOHNSON, Presiding Judge.

Walter Duke appeals from his conviction of obstructing a law enforcement officer. Because the trial court erred in denying Duke's motion to suppress evidence, we must reverse the conviction.

At about 12:40 a.m., on December 31, 1999, two undercover police officers were watching an apartment for suspected drug sales. The officers were sitting in a car in the apartment complex parking lot when they saw a moving van drive into the lot. The van stopped near the stairs leading down to both the basement apartment under surveillance and another basement apartment. The driver got out of the van and went down the stairs.

The officers could not actually see the two basement apartments from their vantage point, so they lost sight of the driver after he went down the stairs. They did not see if the driver entered either apartment. After about two minutes, the driver reappeared, coming up the stairs and getting back into the van. As the van left the parking lot, the undercover officers called on their radio for other officers in the

[21] *Mency*, supra at 645 (2) (c).
[22] See *Buice*, supra; *Moss v. State*, 216 Ga. App. 711, 714 (5) (455 SE2d 411) (1995).

area to look out for the van due to suspicious circumstances.

Two nearby patrol officers responded to the lookout. They did not see the van commit any traffic offenses, but they stopped the van based solely on the radio lookout. After the van had stopped on the side of the road, the driver jumped out and fled. The patrol officers searched the van and found a rental agreement with Duke's name on it. But they found no contraband or other evidence of criminal activity.

Duke was eventually arrested and charged with obstructing an officer by fleeing. Duke moved to suppress the rental agreement, which led to his identification as the van driver, on the ground that the stop of the vehicle was unlawful. The trial court held a hearing on the motion, at which one of the undercover officers and one of the patrol officers testified. After the hearing, the trial court denied the motion, finding that the officers had an articulable suspicion that Duke had bought drugs.

Thereafter, Duke stipulated that the evidence presented at the suppression hearing would serve as the evidence for a bench trial. Based on that stipulation, the trial court found Duke guilty of obstruction. Duke appeals from his conviction, challenging the denial of the suppression motion.

A police officer may conduct a brief investigative stop of a vehicle only if he has specific and articulable facts which, taken with the rational inferences from those facts, reasonably warrant the intrusion.[1] The critical issue in determining the stop's validity is whether the officer had a particularized and objective basis for suspecting that the person stopped was engaged in criminal activity.[2]

In the instant case, the patrol officers who stopped Duke did not see any traffic violations or other suspicious conduct justifying the stop. Instead, they stopped Duke based solely on the lookout broadcast by the undercover officers. Thus, in determining if the stop was justified, we must consider the facts known by the undercover officers.[3]

Although the undercover officers were watching an apartment where drug sales were allegedly occurring, they were not in a position to actually see the apartment. Rather, they could see only the stairs leading to that apartment and another apartment. Once Duke went down the stairs, the officers could not see him. Consequently, they do not know if he went into the purported drug apartment. Instead, he may have gone into the other apartment, which the undercover officers also could not see, or he might not have entered

---

[1] *Hughes v. State*, 269 Ga. 258, 259 (1) (497 SE2d 790) (1998).
[2] *McSwain v. State*, 240 Ga. App. 60, 61 (522 SE2d 553) (1999).
[3] See id. at 62-63.

either apartment. Regardless of any speculation about where Duke went after going down the stairs, there is no doubt that the officers did not observe any suspected drug transaction involving Duke.

Accordingly, the only facts known by the officers were that Duke stopped his van in the apartment complex parking lot, he went down the stairs, he came back up the stairs, and he left in his van. Those facts, and the rational inferences from them, did not give the officers an objective basis for suspecting Duke of criminal activity and did not reasonably warrant the stop of Duke.

Because the stop of Duke's van was not lawful, the evidence discovered as a result of that stop should have been suppressed.[4] The trial court's failure to do so was error entitling Duke to a new trial.

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED JANUARY 9, 2001.

*Jennifer Snyder-Surges*, for appellant.
*Gwendolyn R. Keyes, Solicitor, Yolanda K. Johnson, Assistant Solicitor*, for appellee.

