A02A1967. DUKE v. THE STATE.
(571 SE2d 414)

JOHNSON, Presiding Judge.

Charity Duke seeks review of an order denying her motion to suppress based on the theory that she was illegally stopped by police. The record reveals that a deputy with the Walton County Sheriff's Office received a radio communication from the 911 Center informing him that a Mazda RX-7, license number 342 PKE, was traveling eastbound on Highway 138. The 911 dispatcher told the deputy that the Loganville Police Department requested that the car be pulled over for suspicion of drug activity. Within minutes, the deputy saw the Mazda and stopped the driver, Duke. The deputy requested and received Duke's consent to search the Mazda, and the search revealed a plastic bag containing suspected cocaine.

Duke filed a motion to suppress the drugs, contending the deputy had insufficient evidence to justify the traffic stop. The trial court denied Duke's motion to suppress. The question presented is whether the collective knowledge of law enforcement at the time of the stop was sufficient to authorize the stop. Because we find that the state failed to show the collective knowledge of law enforcement at the time of the stop, we reverse the trial court's decision.

Since the evidence at the suppression hearing was undisputed and there was no question regarding the credibility of the witnesses, we conduct a de novo review of the trial court's application of the law to the uncontroverted facts.[1] It is well established that a brief, investigatory stop of a motorist by police

> must be justified by specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion. The issue critical to a determination of the validity of the stop is whether the officer had a particularized and objective basis for suspecting the particular person stopped of criminal activity. Investigative stops of vehicles are invalid if based upon only unparticularized suspicion or hunch. An investigatory stop must be justified by some objective manifestation that the

---

[1] *Hughes v. State*, 269 Ga. 258, 259 (1) (497 SE2d 790) (1998).

person stopped is, or is about to be, engaged in criminal conduct. What is demanded of the police officer, as the agent of the state, is a founded suspicion, some necessary basis from which the court can determine that the detention was not arbitrary or harassing.[2]

The state bears the burden of presenting evidence that demonstrates a reasonable suspicion of criminal activity.[3]

We find that the state failed to meet its burden at the suppression hearing. The deputy stopped Duke's vehicle solely because of a 911 dispatch he heard over the police radio, not because he observed any traffic violations or criminal activity. Thus, in determining if the stop was justified, we must consider the facts known by the Loganville officers who requested the 911 dispatch.[4] According to the deputy, the 911 dispatch provided a description of the vehicle, including the license plate number, stated which direction the vehicle was headed, and informed him that the Loganville police suspected the driver of being involved in a drug transaction. No further evidence was presented at the suppression hearing. The state presented no evidence regarding the source of the 911 dispatch or any specific facts on which the 911 dispatch might have been based, such as the reason for the belief that criminal activity was afoot. In the absence of any such information, we have no basis for concluding that the stop was justified by a reasonable suspicion of criminal activity.[5] Although the 911 dispatch very well may have been based on particularized facts supporting an inference of criminal conduct, the state failed to present evidence of such a factual basis, as was its burden, and we cannot assume the existence of reasonable suspicion for the stop in the absence of such evidence.[6]

The state correctly points out that the deputy was entitled to rely on information received over the police radio. Thus, we do not suggest that the deputy acted unreasonably in stopping Duke. However, this does not obviate the state's burden of coming forward with sufficient evidence that the collective knowledge of law enforcement officers gave rise to reasonable suspicion that would justify a *Terry* stop.[7] The state was required to come forward at the suppression

[2] (Citation omitted.) *McSwain v. State*, 240 Ga. App. 60, 61 (522 SE2d 553) (1999).

[3] *State v. Holton*, 205 Ga. App. 434, 436 (1) (422 SE2d 295) (1992).

[4] See *Duke v. State*, 247 Ga. App. 512, 513 (544 SE2d 201) (2001); see also *Brooks v. State*, 206 Ga. App. 485, 487 (2) (425 SE2d 911) (1992).

[5] *McSwain*, supra at 62.

[6] See id.

[7] See *State v. Fowler*, 215 Ga. App. 524, 525 (451 SE2d 124) (1994) ("That which is insufficient in its own right cannot be made sufficient by the fact that it is broadcast over a police network."); *Tarwid v. State*, 184 Ga. App. 853, 856 (1) (363 SE2d 63) (1987).

hearing with evidence that some other law enforcement officer or officers upon whom the deputy might reasonably have relied possessed articulable and specific facts to justify the stop of the Mazda. In other words, to survive a Fourth Amendment challenge, the state had to present some evidence of the factual basis for the 911 dispatch. Since the deputy was unable to provide such evidence, it was incumbent upon the state to produce it from some other credible source.[8] This was not done in the present case.

Because the state failed to present any evidence that the 911 dispatch in question was based on specific, articulable facts that gave rise to a reasonable suspicion of criminal activity, we conclude that the investigatory stop of the Mazda violated the Fourth Amendment. The subsequent search was therefore tainted, and its results should have been suppressed.[9]

*Judgment reversed. Blackburn, C. J., and Miller, J., concur.*

DECIDED SEPTEMBER 11, 2002 —
RECONSIDERATION DENIED SEPTEMBER 27, 2002.

*Anthony S. Carter*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Charles E. Rooks, Assistant District Attorney*, for appellee.

[8] See *McSwain*, supra at 63.
[9] *McSwain*, supra at 64.