A06A2017. SIMMONS v. THE STATE.
(637 SE2d 70)

PHIPPS, Judge.

At a stipulated bench trial, Willie Simmons was convicted of possession of cocaine and sentenced as a first offender. On appeal, he challenges the trial court's denial of his motion to suppress. Finding no error, we affirm.

DeKalb County Police Officer C. J. Lee testified that at around 2:00 a.m. on May 1, 2005, he responded to a complaint by a home-owner of a suspicious person entering or attempting to enter an automobile. When Lee appeared at the residence, he discovered Simmons asleep in a lawn chair in the carport. Lee attempted to talk to Simmons, but he was unresponsive. When he finally awoke, he appeared intoxicated. He was also disoriented, as he did not know where he was. And he could not produce any identification.

Lee testified that he decided to arrest Simmons for public intoxication, but that he had intended to take him home rather than to jail if Simmons could remember his address. Because Lee was going to place Simmons in the patrol car until he could resolve the situation, he decided to pat him down out of concern for his own safety. As he did so, he discovered a small baggie with crack cocaine in Simmons's pocket. After arresting Simmons, Lee spoke to the homeowners and verified that they did not know him.

Simmons initially argues that, without first speaking with the homeowners, Lee was not authorized to detain or arrest him. Simmons, however, was the first person Lee encountered when responding to the call. During a first-tier police-citizen encounter, he could approach Simmons and ask him questions without any basis or belief that he was involved in criminal activity.[1] After ascertaining that he

---

[1] *State v. Devine,* 276 Ga. App. 159, 160 (622 SE2d 854) (2005); compare *Duke v. State,* 257 Ga. App. 609 (571 SE2d 414) (2002) (traffic stop must be supported by reasonable suspicion).

was intoxicated and so confused that he did not know where he was, the officer had a reasonable basis for placing him under arrest even though, under the facts, a conviction against Simmons for public intoxication would not be sustainable.[2]

> If the officer acting in good faith believes that an unlawful act has been committed, his actions are not rendered improper by a later legal determination that the defendant's actions were not a crime according to a technical legal definition or distinction determined to exist in the penal statute. It is not the officer's function to determine on the spot such matters as the legal niceties in the definition of a certain crime, for these are matters for the courts. The question to be decided is whether the officer's motives and actions at the time and under all the circumstances, including the nature of the officer's mistake, if any, were reasonable and not arbitrary or harassing.[3]

Here, the officer's actions and motives were reasonable and neither arbitrary nor harassing. The seizure of the cocaine was authorized as incident to a lawful arrest.

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED SEPTEMBER 22, 2006 — 

*Gerard B. Kleinrock*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.

---

[2] To be guilty of public intoxication, one must manifest his intoxicated condition "by boisterousness, by indecent condition or act, or by vulgar, profane, loud, or unbecoming language." OCGA § 16-11-41 (a); see *Welch v. State*, 251 Ga. 197, 198-199 (4) (304 SE2d 391) (1983).

[3] *Dixon v. State*, 271 Ga. App. 199, 201-202 (609 SE2d 148) (2005) (footnote and punctuation omitted); but see *United States v. Chanthasouxat*, 342 F3d 1271 (11th Cir. 2003) (police officer's mistake of law, no matter how reasonable, cannot provide objectively reasonable grounds for reasonable suspicion).