A06A2363. THE STATE v. BINGHAM.
A06A2364. THE STATE v. BROWN.
(641 SE2d 663)

MILLER, Judge.

The State appeals the trial court's grant of a motion to suppress evidence obtained following a traffic stop as to James Allen Bingham in Case No. A06A2363 and as to Dale Anthony Brown in Case No.

---

[13] Id. (punctuation and footnotes omitted).

[14] Id. at 20.

[15] See id.

A06A2364. Finding that the trial court's suppression of evidence as to both Bingham and Brown was erroneous, we reverse.

On May 7, 2005, the Waycross Police Department received a 911 call reporting a fight in progress in the parking lot of Lulu's Bar. The citizen reporting the incident remained on the line with the police dispatcher, relaying the events at Lulu's. The caller reported that two individuals involved in the fight had gotten into a truck and were leaving. The caller described the truck and the men in question and reported the truck's license plate number and its direction of travel. All of this information was relayed by the police dispatcher and heard by Sergeant Danny Hampton, who responded to the call.

At approximately the same time he received this information, Hampton spotted a truck matching the description given a short distance from Lulu's. Hampton began following the truck and determined that the license plate number matched the one relayed by police dispatch, with the exception of one letter.[1] He then turned on both his overhead blue lights and his "takedown" lights. The truck slowed and Hampton witnessed the passenger and the driver switch positions. After the switch was completed, the truck stopped.

Hampton first approached the passenger side of the truck, where Bingham was now seated. When Bingham attempted to exit the truck, he could not stand. He appeared to Hampton to be "highly intoxicated," and Hampton smelled a strong odor of alcohol. Bingham was subsequently charged with two counts of driving under the influence ("DUI") and Brown was charged with a single count of the same.

Prior to trial, Bingham moved to suppress all evidence obtained as a result of the traffic stop on the grounds that such stop was illegal, a motion which the trial court allowed Brown to adopt as to the charge against him. The State appeals the trial court's grant of the motion to suppress. Discerning error, we reverse.

The State argues that the trial court erred in suppressing the evidence obtained as a result of the traffic stop, asserting that stop was legally justified. Here, the trial court noted that "[t]he evidence at the hearing was undisputed and there was no question regarding the credibility of the witnesses." Under these circumstances, we "must conduct a de novo review of the trial court's application of the law to the undisputed facts." *Daniel v. State*, 277 Ga. 840, 849 (5) (597 SE2d 116) (2004).

When determining whether to suppress evidence obtained as the result of an allegedly improper traffic stop, the question is whether

---

[1] Dispatch had relayed the license plate number as 7581ATF; the license plate number of the truck stopped by Hampton was 7581APF.

the police had reasonable grounds, based on specific and articulable facts, for making the stop. *Hudson v. State*, 253 Ga. App. 210 (558 SE2d 420) (2001). Here, Hampton stopped Bingham and Brown based upon the police dispatcher's description of the truck, its location, its occupants, and its tag number. This information was sufficient to permit Hampton's stop of Bingham and Brown's vehicle. See *Brown v. State*, 253 Ga. App. 741, 742 (1) (560 SE2d 316) (2002) (information provided by a police dispatch provides sufficient articulable suspicion for officer to stop vehicle where the information is specific as to the exact vehicle, including the tag number and exact location). The fact that Hampton's "observations upon arriving at the scene corroborate[d] the dispatcher's report" further strengthened the basis for the stop. *Overand v. State*, 240 Ga. App. 682, 683 (1) (523 SE2d 610) (1999).

The trial court held that, based upon the information he received from dispatch, Hampton acted reasonably in stopping the truck. Relying on the decision in *Duke v. State*, 257 Ga. App. 609 (571 SE2d 414) (2002), however, the court concluded that the State's failure, at the suppression hearing, to offer the testimony of the individual making the 911 call resulted in its failure to prove specific and articulable facts to support "a reasonable suspicion of criminal activity. . . ." We find, however, that the trial court's reliance on *Duke* was misplaced.

In *Duke*, municipal law enforcement contacted the county sheriff's department and asked it to stop a specific car because of suspected drug activity. The information provided to the sheriff's department included only a description of the vehicle and the direction in which it was traveling. The subsequent traffic stop was ruled invalid, because the State failed to present *any* evidence as to why the car's driver was suspected of criminal activity. Consequently, the State could not prove the "specific and articulable facts" necessary to justify the stop.

In this case, however, there was testimony that an eyewitness phoned in the report of a fight, and that Bingham and Brown fit the description given by the caller of participants in the fight. The eyewitness also provided an accurate description of the truck in which Bingham and Brown were riding, a partial tag number for the truck, and a description of the direction in which the truck was traveling. This Court has previously held that the phone call of a concerned citizen who witnessed suspected criminal activity supports a police stop of a vehicle where the caller provided a description of the vehicle, the tag number, and the location of the same. See *State v. Gomez*, 266 Ga. App. 423, 426 (3) (597 SE2d 509) (2004) (citizen call to 911 reporting a car driving erratically and providing a description of the same); *Brown v. State*, supra, 253 Ga. App. at 743 (1). The

testimony offered by the State, therefore, was sufficient to demonstrate a reasonable suspicion, based on articulable facts, that Bingham and Brown had been engaged in criminal activity. "The fact that the concerned citizen [making the 911 call] was not identified at the [suppression] hearing does not change this conclusion." Id. at 742 (1).

Moreover, while the information received by 911 dispatch and relayed to Hampton was sufficient to support the stop based on a suspicion that Bingham and Brown had been involved in a fight, Hampton's personal observations were sufficient to support a reasonable suspicion that one or both of the men were driving under the influence. See *Daniel v. State*, supra, 277 Ga. at 841 (1) (investigation unrelated to the initial stop justified where there is an objectively reasonable basis for suspecting additional criminal activity). After Hampton turned on his lights signaling Bingham and Brown to pull over, but before they pulled over and stopped the truck, the men switched places. Hampton's observation of this conduct allowed him to investigate the men for DUI. See *State v. Trammel*, 270 Ga. App. 395 (606 SE2d 613) (2004).

For the reasons set forth above, the order of the trial court granting Bingham and Brown's motion to suppress evidence obtained as a result of the police stop of their vehicle is reversed.

*Judgment reversed. Johnson, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 6, 2007.

*Michael D. DeVane, Solicitor-General*, for appellant.

*Hatfield & Hatfield, John M. Hatfield*, for appellee (case no. A06A2363).

*John R. Thigpen, Sr.*, for appellee (case no. A06A2364).