## A08A2244. GRIFFIS v. THE STATE.
(673 SE2d 348)

DOYLE, Judge.

A DeKalb County jury found Harrison Tyler Griffis guilty of driving under the influence of alcohol,[1] reckless driving,[2] and laying drags.[3] Griffis appeals, (1) arguing that the arresting officer lacked authority to make the arrest, and (2) challenging the sufficiency of the evidence with regard to the reckless driving conviction. For the following reasons, we affirm.

Viewed in the light most favorable to the verdict,[4] the evidence adduced at trial shows that on October 26, 2007, Sergeant K. J. Curry of the City of Clarkston Police Department was waiting in line at a fast-food restaurant drive-thru in unincorporated DeKalb County, when Griffis pulled in line behind him and up to the restaurant call-box. Sergeant Curry, in his uniform but off-duty at the time, was driving his private vehicle. Curry testified that shortly after pulling up to the call box, Griffis began "spinning his tires, applying the brakes[,] and causing the tires to spin . . . laying drag."

Sergeant Curry further testified that Griffis repeated this maneuver several times, and Curry saw "the back end of the car swerve, which caused [him] sufficient enough alarm to believe that [Griffis] could have lost control of the vehicle." Curry testified that it was unusual to see an individual laying drag in an area of such "close confinement" with "debris and . . . oil droppings" that could cause loss of control of the vehicle. At this point, Curry stepped out of his car and approached Griffis, who Curry testified had "a strong odor of alcoholic beverage about his breath and person" and whose "eyes were red and glazed." Curry testified that Griffis appeared impaired.

Sergeant Curry called for county police backup, and DeKalb County Police Officer Mark Nearman responded to the incident. While Officer Nearman stood nearby, Curry performed field sobriety

---

[1] OCGA § 40-6-391 (a) (1).
[2] OCGA § 40-6-390 (a).
[3] OCGA § 40-6-251 (b).
[4] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

tests on Griffis, whose performance on the tests indicated that he was an impaired driver. Griffis refused to take a breath test, at which time he was placed in Officer Nearman's patrol car.

1. Griffis argues that the trial court erred in denying his motion to dismiss the charges because Sergeant Curry lacked authority to arrest him pursuant to OCGA § 40-13-30. As this presents a question of law, "the trial court's application of the law to undisputed facts is subject to de novo appellate review."[5]

"As a general rule, a municipal police officer is authorized to investigate crimes and/or arrest suspects only for those infractions that occur within that officer's territorial jurisdiction."[6] We have held, however, that "[a]n officer has authority 'to arrest a person accused of violating any law or ordinance governing the operation of a vehicle . . . where the offense is committed in his presence' regardless of territorial limitations."[7]

Thus, Sergeant Curry had the authority to arrest Griffis because Griffis, in Curry's presence, was laying drags in a manner that could have caused injury to persons or property, and he exhibited signs of intoxication while operating a vehicle. Furthermore, even if Sergeant Curry should be considered a private citizen because he was off-duty at the time of the incident, our holding remains the same because a private citizen also is authorized to make an arrest if the offense is committed in his presence.[8]

Nevertheless, Griffis argues that Sergeant Curry should not have continued with the investigation and arrest after Officer Nearman arrived on the scene. In *State v. Gehris*, we addressed a similar scenario, and we held that two municipal police officers did not "relinquish[ ] their authority to investigate and to arrest" the alleged offender simply because the assisting county police officer was available.[9] Accordingly, we find no reversible error in the trial court's denial of Griffis's motion to dismiss.

2. Griffis also maintains that the evidence was insufficient to support his conviction for reckless driving. We disagree.

When reviewing an appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the

---

[5] *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

[6] *State v. Gehris*, 242 Ga. App. 384, 385-386 (528 SE2d 300) (2000) (interpreting OCGA § 40-13-30).

[7] *Gehris*, supra, 242 Ga. App. at 386. See also OCGA § 17-4-23 (a) ("[a] law enforcement officer may arrest a person accused of violating any law or ordinance governing the operation, licensing, registration, maintenance, or inspection of motor vehicles by the issuance of a citation, provided the offense is committed in his presence").

[8] OCGA § 17-4-60; see also *Wells v. State*, 206 Ga. App. 513, 515 (1) (426 SE2d 231) (1992).

[9] (Emphasis omitted.) *Gehris*, supra, 242 Ga. App. at 386.

defendant no longer enjoys the presumption of innocence.[10] "We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt."[11]

Under Georgia law, "[a]ny person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving."[12] "This offense may be committed in a variety of ways, and the State need only present evidence that the defendant drove 'in a manner exhibiting reckless disregard for the safety of persons or property.' "[13]

Griffis contends that his car was approximately two car lengths away from Sergeant Curry's car when he was laying drags, and there was no evidence that Griffis was about to hit anyone or anything.

Although Griffis is correct that the testimony given at trial shows that the cars were approximately two car lengths apart, given the evidence of the particular conditions surrounding the incident — Griffis was laying drags in the drive-thru line of a restaurant, which caused his vehicle to swerve, was in close proximity to the drive-thru call box, and was visibly impaired and smelling of alcohol — the jury was authorized to find that Griffis was driving in a manner that exhibited reckless disregard for people or objects around him.[14] Accordingly, we discern no basis for reversal of the reckless driving conviction.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED FEBRUARY 10, 2009.

*Kevin G. Ryan*, for appellant.
*Robert D. James, Solicitor-General, Angelique B. McClendon, Assistant Solicitor-General*, for appellee.

---

[10] See *Short*, supra, 234 Ga. App. at 634 (1).

[11] *Boyd v. State*, 289 Ga. App. 342 (1) (656 SE2d 864) (2008). See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

[12] OCGA § 40-6-390 (a).

[13] *Hughes v. State*, 290 Ga. App. 475, 476 (659 SE2d 844) (2008).

[14] See id.