A10A1863. THE STATE v. BETHEL.

(705 SE2d 860)

ANDREWS, Presiding Judge.

The State appeals from the trial court's order granting Terrance Bethel's motion to suppress marijuana found in his car after a traffic stop. The trial court granted the motion to suppress after holding that the police officer was outside his jurisdiction when he made the traffic stop. The law is clear, however, that an officer may arrest a person violating any law concerning the operation of a vehicle, regardless of territorial limitations, provided the offense occurs in the officer's presence. Accordingly, the trial court erred in granting Bethel's motion to suppress.

The record shows that Officer Turner, a Tallapoosa city police officer, was parked in the median of I-20 observing traffic traveling westbound on the interstate. Turner stopped Bethel's car after he saw Bethel make an improper lane change in front of a tractor-trailer. Bethel was extremely nervous and smelled of alcohol. Turner gave Bethel an alco-sensor test which was negative, and then asked Bethel if he could search his car. Turner said the car smelled so strongly of alcohol that he thought Bethel had thrown an open container under the seat. Bethel consented to the search, and Turner found marijuana in Bethel's trunk.

Turner filed a motion to suppress the marijuana, claiming that the stop was made without articulable suspicion, that his consent was not voluntarily given, that the consent was the result of an unlawful extension of the initial stop, and that the officer was outside his jurisdiction when he made the traffic stop. The court granted the motion on the basis of Bethel's argument that the officer was outside his jurisdiction and therefore was without legal author-

ity to stop him.[1] The State now appeals.

Where, as here, the issue turns on the question of whether a trial court committed an error of law in granting a motion to suppress, we apply a de novo standard of review. *State v. Tan*, 305 Ga. App. 55, 56 (699 SE2d 74) (2010).

The record shows that Turner acknowledged that he was not sure of the exact location of the Tallapoosa city limits sign, but thought that he was parked within the city limits. Two other witnesses also testified as to their opinion of where the city limits ended. The trial court held that the State failed to prove that Turner was patrolling within the city limits or that the traffic offense occurred within the city limits.

Bethel points to OCGA § 40-13-30 as authority for his contention that Turner was without authority to arrest him. That Code section provides:

> Officers of the Georgia State Patrol and any other officer of this state or of any county or municipality thereof having authority to arrest for a criminal offense of the grade of misdemeanor shall have authority to prefer charges and bring offenders to trial under this article, provided that officers of an incorporated municipality shall have no power to make arrests beyond the corporate limits of such municipality unless such jurisdiction is given by local or other law.

OCGA § 40-13-30.

The legislature carved out an exception to this Code section, however, when it passed OCGA § 17-4-23:

> A law enforcement officer may arrest a person accused of violating any law or ordinance governing the operation, licensing, registration, maintenance, or inspection of motor vehicles by the issuance of a citation, provided the offense is committed in his presence or information constituting a basis for arrest concerning the operation of a motor vehicle was received by the arresting officer from a law enforcement officer observing the offense being committed, except that, where the offense results in an accident, an investigating officer may issue citations regardless of whether the offense occurred in the presence of a law enforcement officer. . . .

OCGA § 17-4-23 (a).

---

[1] The court rejected Bethel's remaining contentions.

In interpreting these Code sections, this Court has held that

> [a]s a general rule, a municipal police officer is authorized to investigate crimes and/or arrest suspects only for those infractions that occur within that officer's territorial jurisdiction. We have held, however, that an officer has authority to arrest a person accused of violating any law or ordinance governing the operation of a vehicle . . . where the offense is committed in his presence regardless of territorial limitations.

(Punctuation omitted.) *Griffis v. State*, 295 Ga. App. 903, 904 (673 SE2d 348) (2009). In *Griffis*, we held that an off-duty officer, outside his territorial jurisdiction, was authorized to arrest the defendant for traffic offenses committed in the officer's presence. Id.

The trial court distinguished *Griffis*, pointing out that, unlike Turner, the officer in *Griffis* was off duty when he saw the defendant commit the offenses.

This distinction does not appear to be warranted by the language of the statute or the holdings of the cases. See *State v. Heredia*, 252 Ga. App. 89, 90 (555 SE2d 91) (2001) (holding that officer was authorized to arrest for traffic offenses and DUI outside his jurisdiction and reversing the trial court for too narrowly construing the exception to peace officers' territorial jurisdiction). See also *Duprel v. State*, 301 Ga. App. 469, 475 (687 SE2d 863) (2009) (on-duty officer had authority to arrest outside his jurisdiction when he saw defendant operating a motorcycle after admitting to drinking).

Accordingly, we conclude that Turner had authority to arrest Bethel when he saw him commit a traffic violation, even though Turner was outside his jurisdiction. Therefore, the trial court erred in granting Bethel's motion to suppress the marijuana.

*Judgment reversed. Ellington and Doyle, JJ., concur.*

DECIDED DECEMBER 28, 2010.

*Robert E. Brooks, Jr., District Attorney, Bryan R. Howard, Assistant District Attorney*, for appellant.

*Oliver J. Browning, Jr.*, for appellee.