**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**February 4, 2014**

# In the Court of Appeals of Georgia

A13A2179. THE STATE v. VAUGHN.

Boggs, Judge.

The State appeals from the trial court's grant of a motion to suppress filed by Meagan Vaughn, who was charged with violating OCGA § 3-3-23 (a) (2) (minor in possession of alcohol). The State contends that the trial court erred by: (1) concluding that it could not consider information provided to the arresting officer by another police officer when determining whether articulable suspicion supported Vaughn's detention; and (2) failing to conclude that testimony about the odor of alcohol coming from the defendant and the results of an alco-sensor test provided articulable suspicion for her detention.

> [T]hree fundamental principles . . . must be followed when conducting an appellate review of a motion to suppress. First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts.

The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support [them]. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment. On numerous occasions the appellate courts of this state have invoked these three principles to affirm trial court rulings that upheld the validity of seizures. These same principles of law apply equally to trial court rulings that are in favor of the defendant. . . .

(Citations, punctuation and footnotes omitted.) *Miller v. State*, 288 Ga. 286 (1) (702 SE2d 888) (2010). "Where . . . the issue turns on the question of whether a trial court committed an error of law in granting a motion to suppress, we apply a de novo standard of review. [Cit.]" *State v. Bethel*, 307 Ga. App. 508, 509 (705 SE2d 860) (2010).

The record shows that Vaughn moved to suppress the results of an alco-sensor test of her breath based upon an allegation that she was "randomly and without probable cause stopped and detained [and] requir[ed] to take an alco-sensor test." The transcript of the motion to suppress hearing reveals that Officer Wood testified that he worked part-time at the nightclub where Vaughn was arrested and was familiar

2

with the procedures on "college night" when persons between 18 and 21 years were also permitted to enter the club. When adults under the age of 21 entered the club, they were required to give their driver's license or identification card to "front door security." The officers placed an X on one hand and a number on the other hand corresponding to a location where the license or card was stored. When the under-age persons returned to collect their license or card, the officers working the front door would investigate if they detected an "odor of alcoholic beverage coming from them." Officer Wood testified that he typically pulled them aside, asked them how much they had to drink, and then for an alco-sensor test if they admitted to drinking.

Officer Wood explained that on the evening in question, he was not working at the nightclub, but was instead on duty when he was called to the club "by Officer Ferree, who was working there part time, off duty at that incident location. She said she had several subjects that were intoxicated under age." When Officer Wood arrived at the nightclub, he testified that he met with the six subjects who had been detained by Officer Ferree, and all of them appeared to be under the influence of alcohol. Officer Wood could not recall whether he performed the alco-sensor tests recorded in his report. Officer Wood acknowledged that he did not have any first-hand knowledge of the details concerning Officer Ferrer's observations before he

detained Vaughn. He also testified that he did not have any particularized information about the grounds used by Officer Ferree to detain Vaughn and ask her to submit to an alco-sensor test. While Officer Wood testified that he recalled the smell of alcoholic beverage about Vaughn's person when he arrived, his report did not reflect this observation, and he initially misidentified Vaughn as someone else at the beginning of the motion to suppress hearing. The State explained that it did not ask Officer Ferree to testify at the hearing because "she just had a baby."

In a written order issued after the motion to suppress hearing, the trial court made the following findings and conclusions:

> Officer Wood of the City of Kennesaw Police Department testified that he was called to a nightclub by a security officer. He testified that when he arrived at the scene he found 6 persons who were being detained for alcohol related charges.

> From the stand, Wood initially misidentified the Defendant as the young woman seated with the defense attorney at counsel table. After an objection by the defense and Wood having refreshed his recollection by viewing the arrest photo, the Defendant was identified by Wood as being seated in the gallery. Wood testified that when he arrived at the nightclub all 6 persons, including the Defendant, had been detained, with their identification confiscated but probably not in handcuffs.

4

The State did not present testimony from the detaining officer, Officer Ferree, who was working as a security officer that evening. As a result, the State could not present any competent testimony as to the basis for the Defendant's detention or the result of the Alco-Sensor test. Officer Wood could merely testify that the Defendant had an odor of alcohol *after* he arrived and *after* Defendant ha[d] been detained and was no longer free to leave. Thus Officer Wood could offer no articulable suspicion as to the basis for Defendant's detention. The evidence was not clear as to whether Wood actually detected an odor of alcohol coming from the Defendant. Finally, no evidence was set forth by the State to show that the Defendant was under 21 years of age or that such a determination was made prior to her detention.

The State sought to have Officer Wood testify as to what he was told by Ferree, who did not appear to testify. This information, the State contended, was necessary to provide articulable suspicion for Defendant's detention, and the elements necessary to support an arrest (Defendant's age, consumption of alcohol). The Court ruled that the State could not present such evidence through a witness who did not have any first-hand knowledge. See *Moore v. State*, 281 Ga. App. 141 [(635 SE2d 408)] (2006). *Hopkins v. State*, 283 Ga. App. 654 [(642 SE2d 356)] (2007). *White v. State*, 273 Ga. 787 [(546 SE2d 514)] (2001).

Based on the foregoing, Defendant's Motion to Suppress is GRANTED. Any inculpatory evidence gained after Defendant's detention and before Officer Wood's arrival is suppressed.

We agree with the State's assertion that hearsay is admissible during a suppression hearing when determining the existence of probable cause for an arrest or articulable suspicion for an investigatory stop. See *Daniel v. State*, 298 Ga. App. 245, 248 (3) (679 SE2d 811) (2009); *Duke v. State*, 257 Ga. App. 609, 610-611 (571 SE2d 414) (2002).

> Reasonable suspicion need not be based on an arresting officer's knowledge alone, but may exist based on the "collective knowledge" of the police when there is reliable communication between an officer supplying the information and an officer acting on that information. Officers are entitled to rely on information provided by other officers or by their dispatcher when asked to be on the lookout for a certain vehicle or suspects. There is no requirement that the officer or officers providing the information testify at the motion to suppress.

(Citations and punctuation omitted.) *Edmond v. State*, 297 Ga. App. 238, 239 (676 SE2d 877) (2009).

In this case, however, the arresting officer acknowledged that he did not have any particularized information about the grounds used by Officer Ferree to detain Vaughn and to ask her to submit to an alco-sensor test – the subject of Vaughn's motion to suppress. Therefore, even if the trial court had considered the hearsay information provided to Officer Wood by Officer Ferree, there would still be an

6

absence of evidence on the *critical* issue of the motion to suppress: What were the specific and particularized facts justifying Officer Ferree's detention of Vaughn? See *Duke*, supra, 257 Ga. App. at 610-611. While such evidence may exist, it was not presented to the trial court, and the State bears the burden of proving that Officer Ferrer's detention of Vaughn was lawful. See *Kazeem v. State*, 241 Ga. App. 175, 177-178 (525 SE2d 437) (1999) (reversing trial court's denial of motion to suppress when State failed to present testimony of officers who initiated stop and detained defendants). We therefore affirm the trial court's order suppressing "[a]ny inculpatory evidence gained after Defendant's detention and before Officer Wood's arrival."

*Judgment affirmed. Doyle, P. J., and McFadden, J., concur.*