**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 30, 2021**

# In the Court of Appeals of Georgia

A21A0763. THE STATE v. ASSING.

MERCIER, Judge.

Following Tishana Assing's arrest, the State charged her with driving under the influence of alcohol (less safe), driving under the influence of drugs, driving under the influence of glue/aerosol/toxic vapor, driving under the influence of alcohol and drugs, driving under the influence of alcohol (per se), failure to maintain a lane and distracted driving. Assing filed a motion to suppress evidence gathered as a result of the stop of her vehicle. The trial court granted the motion after the State failed to present evidence at the hearing. The State filed this appeal, claiming that the trial court erred by "prematurely" granting the motion to suppress. Finding no error, we affirm.

In reviewing a trial court's ruling on a motion to suppress, we must follow three fundamental principles. See *Brown v. State*, 293 Ga. 787, 802-803 (3) (b) (2) (750 SE2d 148) (2013).

> First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his [or her] findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support them. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

Id. at 803 (3) (b) (2) (citation and punctuation omitted).

The record contains a transcript of the motion to suppress hearing which was conducted over video conference. At the hearing, Assing argued that the initial officer lacked probable cause to detain her.[1] The prosecutor declined to call the initial officer to the hearing, but instead said he would call the arresting state trooper as a witness. However, the prosecutor said that the trooper had trouble connecting to the video conference hearing. The trial court paused the hearing to review the police report, and

---

[1] The police report narrative stated that Assing drove into two unattended parked cars.

2

after the hearing resumed, the parties presented their arguments regarding whether testimony from the initial officer was necessary. After argument and another brief pause, the trial court concluded that the initial officer's testimony was in fact necessary to meet the State's burden to show reasonable grounds for detaining Assing temporarily. Because that officer was not present, the trial court indicated that it would grant the motion. The State asked for clarification and noted that the arresting state trooper arrived to the scene ten minutes after Assing's collision, but the court confirmed its ruling and concluded the hearing. Then, in its written order granting the motion, the trial court identified two grounds for its ruling. First, the court reiterated its ruling that the initial officer's testimony was necessary to meet the State's burden. Second, the court ruled that even if the arresting state trooper's testimony was sufficient to establish reasonable grounds for the detention, no such testimony was presented because that trooper did not appear for the hearing.

To meet its burden to show that the officer had reasonable grounds upon which to temporarily detain Assing for the purpose of conducting an investigation, the State was required to prove that the officer then was aware of specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the detention. See *Dominguez v. State*, 310 Ga. App. 370, 374 (714 SE2d 25) (2011).

Setting aside whether the State could have met its burden without the initial officer's testimony, the State failed to present any testimony at the hearing. Absent testimony regarding the specific and particularized facts justifying the officer's detention of Assing, the State could not meet its burden of proving that Assing's detention was lawful. See *State v. Vaughn*, 325 Ga. App. 633, 636-637 (754 SE2d 614) (2014) ("While such evidence may exist, it was not presented to the trial court, and the State bears the burden of proving that [the officer's] detention of [the defendant] was lawful.").

On appeal, the State contends that the trial court erred by not allowing the trooper to testify. But the trial court made a specific finding that the trooper "did not appear for the hearing," and we cannot reject this finding as clearly erroneous. In fact, the State does not claim that the trooper was present. Rather, it argues that the trial court should have allowed it to ask for a continuance to address the trooper's difficulty connecting to the hearing. The State, however, never requested a continuance or informed the court that the trooper's technological issues had not been resolved. And *after* the trial court orally announced its ruling, the hearing continued, with both the prosecutor and defense counsel discussing the ruling with the trial court. Even though the State knew at that point that the court planned to grant

4

Assing's motion, it did not request the opportunity to present evidence from the trooper, assert that technological difficulties continued to impede his presence, or make any effort to proffer the evidence that, in its view, was sufficient to withstand Assing's motion to suppress.

As the appellant, the State "carries the burden of showing [error] affirmatively by the record, and when that burden is not met, the judgment is assumed to be correct and will be affirmed." *Laster v. State*, 311 Ga. App. 360, 363 (3) (715 SE2d 768) (2011) (citation and punctuation omitted). We recognize that technological difficulties can arise as Georgia courts shift to conducting hearings via video conference due to Covid 19. But when such circumstances occur, a party must inform the trial court and request additional time to resolve the issue. Although the trooper initially had difficulty joining the video conference, the record is silent as to what took place as the hearing progressed. It does not disclose whether the trooper joined, whether his technical problems continued, or whether he simply decided not to participate. And despite presenting further argument after the trial court announced its ruling, the State did not apprise the court of the trooper's situation, request the opportunity to offer evidence or seek a continuance. As a result, the record is devoid of evidence in support of the temporary detention. Under these circumstances, the

trial court did not err in concluding that the State failed to meet its burden. See generally *Vaughn*, supra.

*Judgment affirmed. Dillard, P. J., and Pinson, J., concur*.