A01A0712. NORTH et al. v. THE STATE.
(552 SE2d 554)

BLACKBURN, Chief Judge.

In this interlocutory appeal, Reico North and Travis North appeal the trial court's order denying their motion to suppress incriminating cassette recordings obtained during a wiretap. The defendants contend that: (1) these tapes were not timely sealed as required by 18 USC § 2518 (8) (a); and (2) the information contained on the tapes was not properly safeguarded as required by OCGA § 16-11-64 (b) (8). For the reasons set forth below, we affirm.

In this case, the evidence relevant to the defendants' motion to suppress is undisputed. "[W]here the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." *Vansant v. State*.[1]

The record shows that the Carrollton Police Department suspected that Officer Alex Houston and the defendants were trafficking illegal drugs. To facilitate an investigation, the West Georgia Drug Task Force requested and obtained a court order allowing them to use a wiretap from April 7, 1997, through April 21, 1997. After recording numerous cassette tapes of Officer Houston's and the defendants' conversations, the task force decided to end the wiretap on April 15, 1997, with no intention to resume further surveillance. And, although the task force sealed the tapes in evidence envelopes shortly after they were recorded, the tapes were not officially sealed by the trial court until April 21, 1997, the day the order allowing surveillance expired.

1. The Norths contend that the tapes obtained from the wiretap were not properly sealed in accordance with 18 USC § 2518 (8) (a). We must disagree.

"Wiretapping and surveillance are the subjects of federal and state law and both must be complied with where applicable." *Orkin v. State*.[2] Georgia law "must meet the minimum standards of [federal law] in protecting privacy but may impose more stringent requirements and any interception must conform to both the state and federal law." *Ellis v. State*.[3]

> [F]or evidence obtained through state-authorized [wiretaps] to be admissible in a state criminal proceeding, it must have been obtained in a manner not inconsistent with the requirements of *both* the federal and state laws. On the other hand, such evidence must be excluded if it was obtained in a manner inconsistent with the mandate of *either* the federal or the state law.

(Emphasis in original.) *Cox v. State*.[4]

18 USC § 2518 (8) (a) requires that

> [t]he recording of the contents of any wire, oral, or electronic communication under this subsection shall be done in such

---

[1] *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).
[2] *Orkin v. State*, 236 Ga. 176, 179 (2) (a) (223 SE2d 61) (1976).
[3] *Ellis v. State*, 256 Ga. 751, 754 (2) (353 SE2d 19) (1987).
[4] *Cox v. State*, 152 Ga. App. 453, 455-456 (263 SE2d 238) (1979).

way as will protect the recording from editing or other alterations. Immediately upon the expiration of the period of the order, or extensions thereof, such recordings shall be made available to the judge issuing such order and sealed under his directions. Custody of the recordings shall be wherever the judge orders.

Section 2518 (8) (a) provides further that "[t]he presence of the seal provided for by this subsection, or a satisfactory explanation for the absence thereof, shall be a prerequisite for the use or disclosure of the contents of any wire, oral, or electronic communication or evidence derived therefrom under subsection (3) of section 2517." Like the federal statute, Georgia law also requires the exclusion of evidence obtained in violation of the mandates for obtaining wiretap evidence. OCGA § 16-11-67.

This case presents the problematic question of whether a sealing delay must be calculated from the expiration date of the warrant or the date that the tap is actually terminated, where such date precedes the expiration date on the wiretap order. Although requiring the immediate judicial sealing of the recording upon the termination of the tap would seem to better serve the underlying purpose of 18 USC § 2518 (8) (a), the statute, on its face, requires immediate sealing only after "the expiration of the period of the *order*, or extensions thereof." (Emphasis supplied.) As such, we must follow the plain language of the statute and find that the tapes in this case were admissible because they were sealed by the judge on the date that the wiretapping order terminated. See, e.g., *United States v. Venuti*;[5] *United States v. Santoro*;[6] *United States v. Massino*.[7]

The wiretapping statutes would be more harmonious if they provided that judicial sealing is required at the expiration of the order or the surveillance, whichever occurs first.

The primary thrust of § 2518 (8) (a) is to ensure the reliability and integrity of evidence obtained by electronic surveillance. The presence or absence of a seal does not in itself establish the integrity of electronic surveillance tapes. Rather, the seal is a means of ensuring that subsequent to its placement on a tape, the Government has no opportunity to tamper with, alter, or edit the conversations that have been recorded. It is clear . . . that Congress viewed the sealing requirement as

---

[5] *United States v. Venuti*, 625 FSupp. 1460 (S.D. N.Y. 1986).
[6] *United States v. Santoro*, 647 FSupp. 153 (E.D. N.Y. 1986).
[7] *United States v. Massino*, 784 F2d 153, 156 (2nd Cir. 1986).

important precisely because it limits the Government's opportunity to alter the recordings.

*United States v. Rios.*[8]

2. The Norths contend that the State improperly made disclosures of the wiretap recordings in violation of OCGA § 16-11-64. Again, we disagree.

OCGA § 16-11-64 (b) (8) provides:

> Any publication of the information or evidence obtained under a warrant issued [for the interception of wire or oral transmissions] other than that necessary and essential to the preparation of and actual prosecution for the crime specified in the warrant shall be an unlawful invasion of privacy . . . and shall cause such evidence and information to be inadmissible in any criminal prosecution.

Specifically, the Norths complain about two disclosures. The first allegedly occurred at a meeting on April 29, 1997, between Commander Wayne Smith and a number of city and police officials. The purpose of this meeting was to inform Carrollton officials about the status of the pending investigation of Officer Houston, and, although Commander Smith provided them with a synopsis of the investigation, he did not reveal any of the contents of the wiretap recordings. Because no disclosure was made of the wiretap contents, OCGA § 16-11-64 (b) (8) was not violated in this circumstance.

The second disclosure occurred when a portion of a duplicate surveillance tape was played for Charles B. Carroll, Jr., Chief of Police for the City of Carrollton. The excerpt played included a conversation between Officer Houston and another individual in which Officer Houston was attempting to purchase a urine sample to swap with his own for purposes of drug testing. Carroll listened to this tape in his capacities as Chief of Police, as Officer Houston's supervisor, and as a member of the Control Board of the West Georgia Drug Task Force. Accordingly, we cannot say that the trial court abused its discretion in finding that this limited disclosure to Carroll required exclusion of all wiretap evidence pursuant to OCGA § 16-11-64 (b) (8).

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

---

[8] (Citations omitted.) *United States v. Rios*, 495 U. S. 257, 263 (110 SC 1845, 109 LE2d 224) (1990).

DECIDED JULY 16, 2001 —

*Dennis T. Blackmon*, for appellants.

*Peter J. Skandalakis, District Attorney, Kevin W. Drummond, Assistant District Attorney*, for appellee.