In the Supreme Court of Georgia

Decided: March 7, 2016

S15A1739. FINNEY v. THE STATE.

BLACKWELL, Justice.

The use of wiretaps by law enforcement officers to intercept the content of communications is governed by Title III of the Omnibus Crime Control and Safe Streets Act of 1968 as amended, 18 USC § 2510 et seq.[1] Generally speaking, investigators may employ wiretaps only when they are authorized to do so by court order,[2] see 18 USC § 2518 (1) - (6), and upon the expiration of such an order, the investigators must "immediately" present recordings of any intercepted communications to the court to be sealed. 18 USC § 2518 (8) (a). If recordings are not presented immediately for sealing, the government may not use or disclose the content of any intercepted communication or any evidence derived therefrom in a judicial proceeding, unless there appears a "satisfactory

_____

[1] See also OCGA § 16-11-60 et seq.

[2] There are a few exigent circumstances in which investigators may use wiretaps without prior judicial authorization. See 18 USC § 2518 (7).

explanation" for the failure to make an immediate presentation of the recordings. Id.[3] A "satisfactory explanation" is one that "explain[s] not only why a delay occurred but also why it is excusable." United States v. Ojeda Rios, 495 U. S. 257, 265 (110 SCt 1845, 109 LE2d 224) (1990). This case concerns the adequacy of an explanation offered by the State for its failure to immediately present recordings of communications intercepted under a Title III order so that the recordings could be sealed.

In February 2008, prosecuting attorneys applied to a judge of the superior court for a Title III order authorizing investigators to intercept oral and electronic communications transmitted to and from a wireless phone used by Benjamin Finney. At the time of the application, investigators believed that

---

[3] In pertinent part, 18 USC § 2518 (8) (a) provides:
The contents of any wire, oral, or electronic communication intercepted by any means authorized by [Title III] shall, if possible, be recorded on tape or wire or other comparable device. The recording of the contents of any wire, oral, or electronic communication under this subsection shall be done in such way as will protect the recording from editing or other alterations. Immediately upon the expiration of the period of the order, or extensions thereof, such recordings shall be made available to the judge issuing such order and sealed under his directions. . . . The presence of the seal provided for by this subsection, or a satisfactory explanation for the absence thereof, shall be a prerequisite for the use or disclosure of the contents of any wire, oral, or electronic communication or evidence derived therefrom under [18 USC § 2517 (3) (concerning the use or disclosure of wiretap evidence in court proceedings)].

Finney was involved in the distribution of cocaine and other controlled substances in Jones County, and they also suspected that he had been involved in the recent killing of Gwendolyn Cole in Bibb County. On February 8, the judge granted the application and entered an order authorizing investigators to intercept Finney's communications for a period of 30 days. On March 7, another judge of the superior court entered an order extending the authorization through April 7. Investigators ceased their interception of communications on March 20, but recordings of the intercepted communications were not presented for sealing until April 23, sixteen days after the expiration of the Title III authorization.

Almost five years later, a Bibb County grand jury indicted Finney, charging him with murder and other crimes in connection with the killing of Ms. Cole. Finney filed a motion to suppress evidence that investigators obtained by way of the Title III authorization, contending that the State had failed to immediately present recordings of intercepted communications for sealing.[4] In response to the motion, the State identified two circumstances as an explanation for the delayed presentation of the recordings. First, the judge who originally

---

[4] Finney urged the suppression of the evidence on other grounds as well, but none of these alternative grounds is at issue in this appeal.

had authorized the interception of Finney's communications was unavailable for four days, beginning on April 7, 2008, the day the authorization expired. Because Title III requires presentation to "the judge issuing [the Title III] order," 18 USC § 2518 (8) (a), the State argued, the recordings could not be presented until that judge was available to seal them. Second, a prosecuting attorney who had assisted investigators with the Finney case also was involved in the prosecution of Antron Dawayne Fair and Damon Antwon Jolly, a case in which the State was seeking the death penalty. At the time the Finney recordings should have been presented for sealing, an interlocutory appeal was pending in the case of Fair and Jolly, see Fair v. State, 284 Ga. 165 (664 SE2d 227) (2008), and that appeal was scheduled for argument in this Court on the morning of April 15, 2008. The prosecuting attorney in question was preoccupied with preparations for that argument, the State claimed, and as a result, she failed to more promptly present the Finney recordings for sealing. The trial court agreed that the State failed to immediately present the recordings for sealing, but it found that the State had shown a "satisfactory explanation" for that failure, and

4

it denied Finney's motion to suppress. We permitted Finney to take an interlocutory appeal from the denial of his motion, and we now reverse.[5]

When Congress provided in 18 USC § 2518 (8) (a) that recordings must be presented for sealing "immediately," it meant just what it said. This statutory requirement "means that the [recordings] should be sealed . . . as soon as practical after the surveillance ends or [the Title III authorization] expires." United States v. Williams, 124 F3d 411, 429 (IX) (3d Cir. 1997) (citation omitted). As the United States Court of Appeals for the Seventh Circuit has explained, "[t]hat shouldn't require more than a couple of days at most." United States v. Coney, 407 F3d 871, 873 (7th Cir. 2005) (citations omitted). See also United States v. Vazquez, 605 F2d 1269, 1278 (II) (2d Cir. 1979) ("The cases illustrate that sealing is often possible within one or two days. Thus, in our view, any delay beyond that certainly calls for explanation.") (citation omitted). Applying the statutory requirement, courts have held that a delay of more than a couple of days in presenting recordings for sealing amounts to a failure to

---

[5] On appeal, we accept the findings of the trial court on questions of disputed fact unless those findings are clearly erroneous. We owe no deference, however, to the trial court on questions of law, and we must decide for ourselves whether the facts show a failure to immediately present the recordings for sealing and, if so, a satisfactory explanation for that failure. See United States v. Burgos-Montes, 786 F3d 92, 104 (II) (A) (3) (1st Cir. 2015).

present the recordings "immediately" and requires explanation. See, e.g., <u>Coney</u>, 407 F3d at 873 ("Ten days is too long to be thought 'immediate.'"); <u>United States v. Wilkinson</u>, 53 F3d 757, 759-760 (II) (6th Cir. 1995) (delay of sixteen days required explanation); <u>United States v. Pedroni</u>, 958 F2d 262, 265 (II) (A) (9th Cir. 1992) (delay of fourteen days required explanation); <u>Vazquez</u>, 605 F2d at 1278 (II) ("[A] sealing achieved one to two weeks after expiration of a wiretap cannot be considered 'immediate.'") (citation omitted). Cf. <u>Williams</u>, 124 F3d at 430 (IX) (immediate-presentation requirement satisfied when Title III authorization expired on a Friday and recordings were sealed on the following Monday); <u>United States v. Wong</u>, 40 F3d 1347, 1375-1376 (E) (2d Cir. 1994) (requirement satisfied when recordings were sealed two and three business days after expirations of Title III authorizations). In Finney's case, the recordings were not presented for sealing until sixteen days after the expiration of the Title III authorization. The State failed to present the recordings "immediately," and a "satisfactory explanation" for the delay is required.[6]

---

[6] Without deciding, we assume that the State need only explain the delay following the expiration of the Title III authorization. The statute provides explicitly, after all, that recordings must be presented for sealing "[i]mmediately upon the expiration of the period of the order, or extensions thereof." 18 USC § 2518 (8) (a). As we noted earlier, however, the investigators in this case ceased their interception of Finney's communications more than

For the purposes of this appeal, we will assume that the unavailability of the judge who originally authorized the interception of Finney's communications is an adequate explanation for the failure to present the recordings for sealing prior to April 11.[7] See United States v. Henley, 766 F3d

two weeks before the expiration of the Title III authorization. And there is some authority suggesting that, when surveillance concludes well before the expiration of the Title III authorization, recordings may have to be presented for sealing immediately following the end of the surveillance. See, e.g., Williams, 124 F3d at 429 (IX); United States v. Vastola, 915 F2d 865, 875 (III) (B), n.16 (3d Cir. 1990). Nevertheless, we conclude in this case that the State has failed to adequately explain the delay following the expiration of the Title III authorization, and so, we need not consider whether an explanation also is required for the period between the conclusion of surveillance and the expiration of the Title III authorization.

[7] It was not clear in this case that the State *had* to await the availability of the original authorizing judge. Another judge already had ordered an extension of the authorization to intercept Finney's communications, and in any event, there is some authority for the proposition that "tapes sealed by a judge other than the 'issuing judge,' because of the absence or unavailability of the latter, are considered properly sealed." Vazquez, 605 F2d at 1280, n.25. See also United States v. Quintero, 38 F3d 1317, 1330 (III) (D) (3d Cir. 1994). Other authority, however, indicates that some delay to await the availability of the issuing judge may be excusable. See Pedroni, 958 F2d at 266 (II) (A) (delay of no more than eight days attributable to absence of issuing judge). Given the statutory direction that recordings be presented to "the judge issuing [the Title III] order," 18 USC § 2518 (8) (a), as well as the absence of binding precedent on this question in Georgia, it may not have been entirely unreasonable in this case for the State to await the return of the original authorizing judge.

That said, and to give better guidance to prosecuting attorneys in Georgia, we note our agreement with those cases holding that recordings properly may be sealed by another judge of the same court when the authorizing judge is absent or otherwise unavailable. And although it still may be reasonable to wait a short time for the authorizing judge, the reasonableness of delaying the presentation of recordings until the authorizing judge becomes available – when other judges are available sooner – is related inversely to the duration of the delay. The longer the delay, the less reasonable it is to await the availability of the authorizing judge.

893, 913 (IV) (8ᵗʰ Cir. 2014) (delay of four business days attributable to busy schedule of judge was excusable). See also Pedroni, 958 F2d at 266 ("unavailability of the issuing or supervising judge may constitute a satisfactory explanation for a sealing delay"). Even so, the recordings were not presented until April 23. Although the State seeks to excuse this additional delay of twelve days on the ground that a prosecuting attorney involved in the Finney case also was involved with the appeal in Fair, the State has failed to make an evidentiary record sufficient to show this circumstance as a "satisfactory explanation." See Ojeda Rios, 495 U. S. at 267 ("[T]he sufficiency of the Government's explanation for a delay should be based on the evidence presented and submissions made in the [trial court].").

In the first place, the affidavit of the prosecuting attorney in question indicates that her involvement with the investigation of the Finney case was only "peripheral" after she helped the investigators obtain the original Title III authorization, and two other prosecuting attorneys were involved in the wiretap investigation. Even if the lone prosecuting attorney to whom the State attributes the delay had been preoccupied with the appeal in Fair, the State has offered *no explanation at all* why the other two prosecuting attorneys then involved with

8

the Finney investigation could not have assisted the investigators in presenting the recordings to the judge. Moreover, the pendency of the appeal in April 2008 was no surprise with which the prosecuting attorney in question suddenly and unexpectedly had to deal. Indeed, the State admits that it filed its brief in <u>Fair</u> in January 2008, prior to the entry of the original Title III authorization in the Finney investigation. Accordingly, the prosecuting attorney would have known of the pending appeal well before the time for presenting the Finney recordings for sealing.[8] In addition, even accepting that the prosecuting attorney upon whom the State relies was, in fact, preoccupied with preparations for appellate argument,[9] that argument was heard on the morning of April 15. The State offers

---

[8] The oral argument also would have been no surprise. This Court typically sets arguments weeks, if not months, in advance.

[9] The evidence of preoccupation is, at best, weak. Although the prosecuting attorney to whom the State attributes the delay testified that she was "lead counsel" in the <u>Fair</u> case, and although the record shows that an appeal in that case was heard on April 15, the prosecuting attorney did not say in her affidavit that she had significant involvement with the appeal or the oral argument, nor did she say that <u>Fair</u> had anything to do with the delay in presenting the Finney recordings for sealing. To the contrary, she testified: "I do not recall specifically why there was a delay in [presenting the recordings]." The State argues that the inability of the prosecuting attorney to recall the reasons for the delay more specifically is understandable, considering that the delay was not raised as a ground for a motion to suppress until years later. That argument, however, does not strike us as a compelling one. After all, the State ought to have known when it presented the recordings for sealing in April 2008 that it had not done so as promptly as the law requires, and it should have anticipated that an explanation for the delay might later be required. If efforts then had been made to contemporaneously memorialize the reasons for the delay, the State would not be in the

9

*no explanation at all* for why it took an additional eight days to present the recordings for sealing. No explanation cannot possibly be a "satisfactory explanation."

Aside from the unavailability of the original authorizing judge prior to April 11, the State has failed to come forward with evidence showing any reasonable excuse for its delay in presenting the recordings for sealing. There is, for instance, no evidence in this case of "relatively short delays necessitated by the process required to comply with the provisions of [Title III]," which the courts generally treat as excusable. United States v. Carson, 969 F2d 1480, 1488 (IV) (3d Cir. 1992). Nor is there evidence of "longer delays attributable to non-administrative, objectively reasonable causes like understandable mistakes of law and interference from unexpected, extrinsic events beyond the government's control," which the courts likewise have excused on occasion. Id. To the contrary, the record shows only that one prosecuting attorney with "peripheral" involvement in the Finney case was involved to some extent in an appeal heard on the morning of April 15, an appeal about which the prosecuting attorney would have known for a long time. Cf. United States v. Quintero, 38 F3d 1317,

_____

position today of relying on hazy memories and conjecture.

10

1328-1329 (III) (C) (3d Cir. 1994) (busy trial schedules of prosecuting attorneys were no "satisfactory explanation" for delay where there was nothing "unusual" or "unforeseeable" about their schedules). About the other prosecuting attorneys involved with the Finney case, and about the delay after April 15, the evidentiary record is utterly silent.

Upon this record, the trial court erred in accepting the circumstances identified by the State as a "satisfactory explanation" for the delay in presenting the recordings for sealing. The State failed to comply with the requirements of 18 USC § 2518 (8) (a), and we need not inquire about harm. See King v. State, 262 Ga. 147, 148 (414 SE2d 206) (1992) ("[W]here the state has failed to show that the tapes were judicially sealed, the state's claim that there has been no tampering with the tapes will not prevent the exclusionary provisions of § 2518 (8) (a) from coming into play."). The trial court should have granted the motion to suppress.

Judgment reversed. All the Justices concur.