**SECOND DIVISION**
**MILLER, P. J.,**
**ANDREWS and SELF, JJ.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 22, 2018**

# In the Court of Appeals of Georgia

A18A0730. BOOTH v. THE STATE.

A18A0731. STAMEY v. THE STATE.

A18A0732. POWELL v. THE STATE

A18A0733. MEDINA v. THE STATE

A18A0734. JONES v. THE STATE.

A18A0735. BOSWELL v. STATE.

SELF, Judge.

In each of these appeals, we are called upon to address the same issue based upon identical facts: whether the trial court erred by denying appellants' motion to suppress grounded upon the State's failure to immediately present wiretap recordings for sealing as required by federal law. See 18 USC § 2518 (8) (a). For the reasons explained below, we affirm.

On appeal, we accept the findings of the trial court on questions of disputed fact unless those findings are clearly erroneous. We owe no deference, however, to the trial court on questions of law, and we must decide for ourselves whether the facts show a failure to immediately present the recordings for sealing and, if so, a satisfactory explanation for that failure.

*Finney v. State*, 298 Ga. 620, 622, n. 5 (783 SE2d 598) (2016). The record shows that on June 19, 2015, a Spalding County superior court judge signed three separate orders authorizing wiretaps on cell phones belonging to Adrian Lehsten. On June 21, 2015, approximately two weeks before the orders were scheduled to expire, Lehsten was arrested in Lamar County. The next day, the police learned of his arrest and "had to kind of scramble and execute . . . four to five search warrants" at "the residences of other known co-conspirators." They also stopped the electronic surveillance since Lehsten "was no longer using his phone because he was in jail." A narcotics officer received the recordings on June 24, 2015. On July 2, the judge who issued the wiretap orders signed an order sealing the recordings.

In March 2017, the State indicted, among others, the six appellants in this appeal (Darryl Keith Booth, Trenton Matthew Stamey, Amber Cherie Powell, Tammy Louise Medina, Anthony Wade Jones, and Christina Marie Boswell) for various

2

crimes, including illegal use of a communication facility.[1] Each of the appellants, who are all represented by the same attorney, filed identical motions to suppress "all evidence resulting from an unlawful wiretap" based upon the State's delay in sealing the recordings. Following a consolidated hearing for all six cases, the trial court denied the motions to suppress.

1. In Georgia, a superior court judge may issue a warrant permitting a wiretap "for the surveillance of a person or place to the extent the same is consistent with and subject to the terms, conditions, and procedures provided by 18 U.S.C. Chapter 119." OCGA § 16-11-64 (c). 18 USC § 2518 (8) (a) mandates that "[i]mmediately upon the expiration of the period of the order [authorizing interception of wire, oral, or electronic communications], or extensions thereof, such recordings shall be made available to the judge issuing such order and sealed under his directions."

> [T]he government may not use or disclose the content of any intercepted communication or any evidence derived therefrom in a judicial proceeding, unless there appears a "satisfactory explanation" for the failure to make an immediate presentation of the recordings. A "satisfactory explanation" is one that "explains not only why a delay

---

[1] Lehsten was charged with violations of Georgia's Racketeer Influenced and Corrupt Organizations Act in connection with the possession of controlled substances.

3

occurred but also why it is excusable." *United States v. Ojeda Rios*, 495 U. S. 257, 265 (110 SCt 1845, 109 LE2d 224) (1990).

(Footnote omitted.) *Finney*, 298 Ga. at 620.

In *North v. State*, 250 Ga. App. 622 (552 SE2d 554) (2001), we addressed "the problematic question of whether a sealing delay must be calculated from the expiration date of the warrant or the date that the tap is actually terminated, where such date precedes the expiration date on the wiretap order." Id. at 624 (1). After examining 18 USC § 2518 (8) (a), we concluded that "the statute, on its face, requires immediate sealing only after 'the expiration of the period of the *order*, or extensions thereof.'" (Emphasis in original.) Id. at 624. Accordingly, we applied "the plain language of the statute" and found that the recordings "were admissible because they were sealed by the judge on the date that the wiretapping order terminated." Id. In *Finney*, supra, the Supreme Court of Georgia recognized two nonbinding federal decisions to the contrary, but assumed, "[w]ithout deciding . . . that the State need only explain the delay following the expiration of the *Title III* authorization."[2] 298 Ga. at 623, n. 6. Based upon its conclusion that the State "failed to adequately explain

---

[2] "Title III" refers to Title III of the Omnibus Crime Control and Safe Streets Act of 1968, codified at 18 USC 2510 et seq., of which 18 USC 2518 (8) (a) is a part.

4

the delay following the expiration of the *Title III*, authorization," it determined that it "need not consider whether an explanation also is required for the period between the conclusion of surveillance and the expiration of the *Title III* authorization."[3] Id.

In this case, the record shows that the discs were created June 24, 2015, the issuing judge signed an order sealing the discs on July 2, 2015, and the authorizing order expired around July 6, 2015. Based upon the binding precedent of our decision in *North*, supra, we conclude that the State need not provide an explanation of the delay between the sealing and the date the authorizing order expired. As the evidence shows that the recordings were sealed before the expiration of the authorizing order,[4] we affirm the trial court's order denying the appellants' motion to suppress.

2. Our holding in Division 1 renders appellants' remaining enumeration of error moot.

*Judgment affirmed. Andrews, J., concur. Miller, P. J., concur fully and specially.*

---

[3] The Supreme Court did not acknowledge our decision in *North*, supra, when it discussed this issue.

[4] We note that this Court is not bound by the State's concession in the motion to suppress hearing that it was legally required to provide an explanation for the delay. See *Tezeno v. State*, 343 Ga. App. 623, 628 (1) (a), n. 3 (808 SE2d 64) (2017); *Franklin v. Eaves*, 337 Ga. App. 292, 298 (2) (787 SE2d 265) (2016).

A18A0730. BOOTH v. THE STATE.

A18A0731. STAMEY v. THE STATE.

A18A0732. POWELL v. THE STATE.

A18A0733. MEDINA v. THE STATE.

A18A0734. JONES v. THE STATE.

A18A0735. BOSWELL v. THE STATE.

MILLER, Presiding Judge, concurring fully and specially.

I agree that, under our precedent, the trial court was not required to suppress the evidence in this case, and I concur fully in the majority opinion. See *North*, supra, 250 Ga. App. at 624 (1). I write separately to emphasize that our Supreme Court has

6

expressly declined to decide this precise situation – where the surveillance ceased prior to the expiration of the warrant. See *Finney*, supra, 298 Ga. at 623 n. 6. Moreover, as our Supreme Court noted, some federal courts have held that the recordings must be presented immediately "as soon as practical after the surveillance ends," regardless of whether the warrant had expired at that time. See *Finney*, supra, 298 Ga. at 623 n. 6; *United States v. Coney*, 407 F3d 871, 875 (7th Cir, 2005); *United States v. Williams*, 124 F3d 411, 429 (IX) (3d Cir. 1997).

The purpose of this immediacy requirement is to ensure the reliability and integrity of the recordings by establishing that they have not been tampered with prior to their admission at trial. See *United States v. Ojeda Rios*, 495 U S 257, 263 (110 SCt 1845, 109 LE2d 224) (1990). Where the interception ceases prior to the termination of the warrant, this goal is met only by requiring the government to present the records immediately after the surveillance ends, and not at some later point when the warrant expires. I thus question whether our precedent comports with the purposes and intentions of the federal wiretap statute identified in *Ojeda Rio*, supra, 495 U S at 263. Nevertheless, as our court has spoken, I agree with the majority's conclusion in this case.